# Connor, Appellant, *v.* Gibbons.

*Decedent's estate—Real estate—Executors and administrators—Purchase at sheriff's sale—Jurisdiction, O. C.—Res adjudicata.*

1. Where lands of an estate are bought in at a sheriff's sale under a mortgage for an alleged inadequate price, by one who is an executor and legatee under the will, an adjudication by the orphans' court on distribution of the estate surcharging an executor for not properly protecting the estate in the sale, and recognizing the validity of the

sale, is final, whether the jurisdiction of the orphans' court is exclusive in such case or not. The validity of such a sale cannot be subsequently attacked by a bill in equity filed by the heirs against the executor.

*Executors—Property of estate—Right of executor to become purchaser.*

2. An executor and legatee is not necessarily precluded from buying in lands of the estate sold on foreclosure proceedings, if there is no bad faith, and if he has no money or property of the estate in his hands, to avert the sale, and has used no portion of the estate for the purpose of acquiring the property.

Argued April 26, 1910. Appeals, Nos. 81 and 82, Jan. T., 1910, by plaintiffs, from decree of C. P. No. 4, Phila. Co., March T., 1905, No. 1,981, dismissing bill in equity in case of Catharine A. Connor, individually and as administratrix, etc., and Cecilia C. Callahan et al. v. John J. Gibbons, Sarah J. Gibbons being substituted as defendant. Before Fell, C. J., Mestrezat, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Bill in equity for conveyance of title and an account.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was the decree of court dismissing the bill.

*John G. Johnson,* with him *Daniel C. Donoghue* and *John Houston Merrill,* for appellants.—The common pleas had jurisdiction: Hall's App., 112 Pa. 42; Fidelity Ins., etc., Co.'s App., 99 Pa. 443.

The orphans' court had no jurisdiction of this case: Tyson v. Rittenhouse, 186 Pa. 137; Curran's Est., 28 W. N. C. 96; Davis's Est., 9 W. N. C. 380; Odd Fellows' Savings Bank's App., 123 Pa. 356; Yerkes v. Yerkes, 200 Pa. 419.

Defendant was disqualified from buying the properties for his own use, under the circumstances of the case, because of his executorship of the estate at the time of the sale: Luther v. Luther, 226 Pa. 144; Mullen v. Doyle, 147 Pa. 512.

The proceedings in the orphans' court are not res adjudicata of the facts found therein or of any other facts: Williamson's Est., 18 W. N. C. 138; Price's Est., 81 Pa. 263; Parker's Est., 64 Pa. 307; Williamson's Est., 7 W. N. C. 82.

*Joseph P. McCullen*, with him *John J. Green*, for appellee.—The orphans' court has exclusive jurisdiction of the cause: Shollenberger's App., 21 Pa. 337; Goodwin v. Colwell, 213 Pa. 614; Dundas's Est., 64 Pa. 325.

The case is res adjudicata: Ahl's Est., 169 Pa. 609; Lancaster v. Frescoln, 192 Pa. 452; Rauwolf v. Glass, 184 Pa. 237; Larkins v. Lindsay, 205 Pa. 534; Munson v. Munson, 30 Conn. 425–433; Huntley v. Holt, 59 Conn. 102–105 (22 Atl. Repr. 34); Knowlton v. Warner, 25 Ill. App. 221; Jenkins v. Scranton, 205 Pa. 598; Myers v. Borough of So. Bethlehem, 149 Pa. 85; Pennock v. Kennedy, 153 Pa. 579.

The law of the case is ruled by Fisk v. Sarber, 6 W. & S. 18. See also Chorpenning's App., 32 Pa. 315; Cadbury v. Duval, 10 Pa. 265; Hall's App., 40 Pa. 409.

OPINION BY MR. JUSTICE ELKIN, July 1, 1910:

The bill in this case was filed to compel a conveyance to an estate of two parcels of real estate purchased by defendant at a sheriff's sale. At the time of the sale the purchaser was an executor of the estate and one of four joint residuary legatees. One parcel formed part of the residuary estate and the other had been mortgaged with the former to secure the joint and several bond of their respective owners. The sale was on a foreclosure of the mortgage and the allegation is that the appellee purchased for less than value. It is not necessary to discuss in detail the many questions raised by this complicated record. We agree with the conclusion reached by the learned court below upon the record as presented. Whether in every such case the orphans' court has exclusive jurisdiction to deal with subject-matter such as is

here involved, or whether under some circumstances a court of equity has jurisdiction to grant such relief as is here sought, need not be finally determined for the purposes of this case. The orphans' court had jurisdiction, whether exclusive or not is immaterial so far as this case is concerned, and it exercised that jurisdiction in a proper proceeding making distribution of the estate here involved in which all of the facts upon which the appellants now rely for relief were considered, surcharge was made, distribution awarded and decree entered. No appeal was taken from the decree entered in the distribution of the estate and the record stands as a final adjudication of the rights of the parties interested in the estate. All of the facts complained of in the present bill asking for a reconveyance of the properties to the estate were presented to and considered by the orphans' court with the result that the executor was surcharged because of his failure to properly protect the estate by reason of the sale under the foreclosure proceedings for an inadequate price. The distributees, legatees, or other parties interested in the estate, received whatever benefit resulted from the surcharge based upon a sale at an inadequate price and should not now be heard in a court of equity for the purpose of attacking the sale itself by asking a reconveyance to the estate of the properties thus sold. In the orphans' court the validity of the sale was recognized and the surcharge was based upon the inadequacy of price and failure of one acting in a fiduciary relation to properly protect his trust. This should be an end of the matter, and we agree with the learned court below that the orphans' court had jurisdiction and did determine the matters in dispute between the parties. Upon the merits of the case as to the right of John J. Gibbons to become a purchaser at the sale we also concur in the view expressed both by the learned court below and by the orphans' court to the effect that the proofs do not show that he acted other than in good faith, or that he had any money or property in his hands whereby the

sale could have been averted or that he used any portion of the estate for the purpose of acquiring the property at the sheriff's sale.

Decree affirmed at cost of appellants.