IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

WESTERN DISTRICT—PITTSBURG 1868.

## Horam's Estate.

1. Notice to the widow and heirs is not necessary before awarding an inquest in partition in the Orphans' Court. But it would be better if the court would direct a rule on all the parties to show cause before awarding the inquest.

2. It is not necessary that the rule to accept or refuse should be served by the sheriff, though he may be required to do so.

October 19th 1868. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Appeal from the Orphans' Court of *Jefferson county*: Of October and November Term 1868, No. 127.

In the court below George W. Horam, eldest son of John Horam, deceased, petitioned the Orphans' Court setting forth that the decedent died about the 28th day of December, intestate, seized in fee of a messuage and tract of land, &c., containing 112 acres; that he left a widow Mary Ann Horam and nine children (amongst whom were the petitioner, Elizabeth McNutt and Amanda Dean), four being minors, and having said Mary Ann Horam, for their guardian: the petition prayed for an inquest to make partition of the decedent's real estate. The inquest was awarded, February 14th 1867. The sheriff returned:

"February 23d, served on the heirs—inquisition to be held on the 5th day of April 1867, and then adjourned till the 25th day of April, on account of one of the heirs being in the West, and could not get notice served in time. April 12th, notice accepted by G. A. Jenks for inquisition on the 25th of April 1867."

The inquest returned that they with the sheriff went on to the

[Horam's Estate.]

premises on the 25th of April 1867, " the parties in the writ having been duly warned, and as many as chose being present;" and that they had valued the premises at $1250.

"May 20th 1867. Rule granted on the heirs to accept or refuse the property, or show cause why it should not be sold. June 29th 1867, served on Mary Ann Horam, G. W. Horam and Amanda Dean. July 13th 1867, on G. A. Jenks, attorney. September 14th 1867, court order that attorneys for petitioner file letter from heir that is out of the state, Elizabeth McNutt."

The inquisition was confirmed, September 14th 1867, *nunc pro tunc*.

The court in a further order reciting the valuation and rule to accept or refuse " or to put in bids—under the rule of court, and private or sealed bids having been put in by a number of the heirs of the said John Horam, and the said sealed bids having been opened by the said court on a day fixed for said purpose. And whereas—Amanda Dean having put in a bid of $1250 over and above the said valuation, which bid was the highest and best bid put in by any of the heirs," decreed the real estate to her at the sum of $2500; she paying, &c. * * * all which is to be done and performed by said Amanda Dean," &c.

The rule of court referred to in the decree is as follows, viz. :—

" When upon the return of a rule (in partition) the parties have a right to bid more than the appraised value, notice of the same shall be given on the first motion day, and the bids sealed up and deposited with the clerk to be opened by the court on the second motion day and the result publicly announced."

George W. Horam appealed from the decree adjudging the land to Amanda Dean, and assigned for error : that court erred,

1. In granting the inquest without notice to the widow and heirs.

2. In confirming the inquest without notice to Elizabeth McNutt or Mary Ann Horam, the widow, and without it appearing affirmatively that notice had been served on all the other heirs, or how the notice was served.

3. In awarding the land to Amanda Dean when it appears that the notice to accept or refuse was not served on Mary E. Horam, Elizabeth McNutt or Sarah Rea.

4. In awarding the real estate to Amanda Dean, in preference to G. W. Horam, he being the eldest son of John Horam, deceased, without first calling the said G. W. Horam to accept or refuse it at the same price.

*W. P. Jenks* (with whom was *G. A. Jenks*), for appellant, referred to Acts of March 29th 1832, §§ 36, 37, 39, Pamph. L. 201; April 11th 1835, § 4, Pamph. L. 200, Purd. 292, 293, 294, pl. 124, 129, 132, p. 772, pl. 124; Ragan's Appeal, 7 Watts 440.

[Horam's Estate.]

*Gordon* (with whom were *Andrews & Conard*), for appellees, referred to *Rex's Appeal*, 3 S. & R. 533; *Ragan's Appeal*, 7 Watts 439; Act of April 22d 1856, § 10, Pamph. L. 534, Purd. 774, pl. 28; *Mason's Appeal*, 5 Wright 78; *Dewart v. Purdy*, 5 Casey 113.

The opinion of the court was delivered, October 29th 1868, by

AGNEW, J.—It was decided in Rex *v.* Rex, 3 S. & R. 533, that according to the practice under the Act of 19th April 1794 it was unnecessary to give notice to the widow and heirs before awarding an inquest to make partition of the real estate of a decedent, on the petition of one of the heirs. Chief Justice Tilghman, however, recommended a change of practice, and that the Orphans' Court should call the family before them prior to awarding an inquest. The suggestion was not generally adopted, and the former practice continued even after the passage of the revised Act of 29th March 1832. Such notice therefore has not been deemed necessary, and it would be productive of great injury were we now to hold that the proceedings are irregular because of the want of it. It would be better if the Orphans' Court would require a rule to show cause to be issued and served on all the parties in interest before awarding the inquest. Preliminary questions of jurisdiction, and such as relate to the parties, property and possession, could thus be settled before incurring the expense and costs of the partition.

We discover nothing in the record evidencing a want of notice to all the heirs. The return of the sheriff of his notice of inquisition is general in its terms and includes all the heirs, and the inquisition sets forth that all were warned. It is not necessary that the rule to accept or refuse the premises at the valuation should be served by the sheriff, though he may be required to do so at the instance of the party: Act 29th March 1832, § 57, arts. 1, 2, 3, 4, 5, Brightly's Purd. 766, pl. 17 to 22. The 4th sect. Act of 11th April, 1835, Brightly's Purd. 772, pl. 17, applies only to the writ of summons and notice in the action of partition in the Court of Common Pleas. The party himself may serve a citation: Act 29th March, *supra*. The want of a return by the sheriff in this case of a service on all the parties to the rule to accept or refuse the premises is therefore not conclusive of the want of a full service. The decree of the court expressly states that due proof had been made of the service of the rule on all persons interested. As the service of the rule can be made and proved by another, and need not necessarily be made by the sheriff, we may presume that due proof was made of the service as stated in the decree. It is therefore not apparent by the record that the persons named in the assignment of error were not duly served. There was no error in awarding the premises

[Horam's Estate.]

to Amanda Dean, one of the daughters. Since the Act of 22d April 1856 seniority and sex do not control entirely the right of choice. That act enables the court to allot the premises to the party in interest who shall at the return of the rule offer in writing the highest price therefor above the valuation returned.

Finding no error in the record, the decree of the Orphans' Court is affirmed and the costs ordered to be paid by the appellant.