# Bowman *v.* Knorr (No. 1).

*Husband and wife—Antenuptial agreement—Will.*

A wife who under an antenuptial agreement is entitled to one third of the income of her husband's real and personal estate for life, "and in addition thereto so much of the principal as in her judgment shall be necessary for her comfortable maintenance," is entitled to the custody of the whole estate, or of the proceeds of any sale thereof, although she takes out letters testamentary as sole executrix under a subsequent will of her husband by which her enjoyment of the one-third income is reduced from life to widowhood, the will however stating "this will so far as my wife is concerned is according to antenuptial agreement hereto attached."

Argued April 14, 1903.    Appeal, No. 342, Jan. T., 1903, by

Mary A. Knorr and Mildred Knorr Smith from order of C. P. Columbia Co., dismissing exceptions to auditor's report in case of Bowman et al. to use of George W. Vansiclen v. Samuel Knorr.  Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ.  Reversed.

Exceptions to auditor's report.  Before LITTLE, P. J.
The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*L. E. Waller*, with him *C. W. Miller*, for appellant.

*John G. Freeze*, for appellee.

OPINION BY MR. JUSTICE FELL, May 18, 1903 :

An antenuptial agreement between the testator and the appellant, who became his second wife, provided that if she survived him she should receive in lieu of dower and all claims under the intestate laws one third of the income of his real and personal estate for life, " and in addition thereto so much of the principal as in her judgment shall be necessary for her comfortable maintenance, but that at her death all property not consumed by her which she shall receive through this marriage shall go to his children and not to hers, others than such as may be the issue of the marriage herein contemplated."  Six years after the marriage, the testator executed a will which gave her one third of the income of all of his estate as long as she remained a widow, with remainder to his children.  Of this will she was made executrix with power to sell the real estate if she should deem it advisable to do so, during the minority of his children, and to apply the income and principal to the maintenance of herself and them.  The will provided that she should not be required to file an inventory, and ended with this clause : " This will so far as my wife is concerned is according to antenuptial agreement dated October 6, 1876, hereto attached."  Letters testamentary were granted to her, and she managed the estate for eleven years, when the real estate was sold by the sheriff under proceedings on a mortgage given by

the decedent.   The auditor appointed to make distribution of the fund arising from the sale reported that one third of the fund should be paid to the widow upon her entering security, or in default thereof should be invested and the income thereof paid to her ; one third was awarded to one of the two children of the testator ; and the remaining third was awarded to a judgment creditor of the other child.   This report was confirmed by the court.

The distribution made entirely ignores the antenuptial agreement.   This agreement was valid, and it has not been set aside nor abrogated by the will.   Without the assent of the appellant it could not be set aside, and there is no ground for the inference either of an intention on the part of the testator to set it aside or of her assent that this should be done.   The will gives her exactly the same interest, as to the amount of the estate she takes, as the agreement does, and with power to sell and to use the principal for maintenance.   The only change is in the period of enjoyment, from life to widowhood. Why this was made, or whether it was merely an oversight, we need not consider in view of the express declaration of the testator that as far as his wife was concerned these instruments were in accordance with each other.

The decree of the court is reversed, and it is directed that the fund be awarded the widow in accordance with the provisions of the antenuptial agreement.