## Reifsnyder's Estate.

*Partition—Orphans' court—Petition filed within a year.*

A petition for partition in the orphans' court will not be dismissed merely because the petition was filed within one year of the date of the death of the decedent. Keim's Estate, 201 Pa. 609, explained.

Argued Feb. 27, 1906. Appeal, No. 373, Jan. T., 1905, by Margaret Reifsnyder et al., from decree of O. C. Berks Co., May T., 1905, No. 3, dismissing petition for partition in Estate of John F. Reifsnyder, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Petition for partition.
The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the petition.

*Isaac Hiester*, with him *Sherman H. Hoverter*, for appellants. —No time is prescribed to elapse after the death of the decedent for the institution of the proceedings to effect partition of his

estate; Trickett on Partition in Penna. p. 38 ; Myers's Estate, 25 Pa. C. C. Rep. 235 ; Marcy's Estate, 9 Kulp, 128.

*William J. Rourke*, for appellee, cited : Theilacker's Est., 12 Pa. Dist. Rep. 230 ; Keim's Estate, 201 Pa. 609.

OPINION BY MR. JUSTICE MESTREZAT, April 9, 1906 :

We think the learned court below erred in dismissing the petition for partition under the pleadings and facts of this case. The petition was in the usual form. The widow of the decedent filed exceptions and objected to the proceedings on the ground that they were instituted within a year of his death and were, therefore, premature. The objection was sustained and the petition dismissed.

The authority to award partition of a decedent's real estate is conferred on the orphans' court by the Acts of March 29, 1832, P. L. 190, 1 Purd. 603, and June 16, 1836, P. L. 792, 2 Purd. 1627. The thirty-sixth section of the former act empowers the court, " on the application of the widow or any lineal descendant of the decedent having an interest in such real estate . . . . to award an inquest to make partition of the real estate of such decedent; " and the forty-sixth section of the act authorizes like proceedings in partition where the decedent leaves no lineal descendants, on the application of the persons in whom the estate shall vest in possession. Clause 5, of sec. 19, of the act of 1836, extends the jurisdiction of the orphans' court to "; the partition of the real estates of intestates among the heirs." Neither these acts nor any other act of assembly fix a time within which the application shall or may be made or an inquest may be awarded. There is, therefore, no statutory authority for holding, as the court below did, that under the facts disclosed in this case an application made within one year from the death of the decedent was premature.

It is contended, however, by the appellee in support of the ruling of the orphans' court, " that nowhere in the law is there any specific requirement for partition within the year, and that, as the law provides for one full year within which to make settlement of the estate, by analogy, this full year must elapse before partition can be made of the real estate of a dece-

dent." If this rule is to prevail in this case, there should be some reason disclosed by the record to support it. It is true, as suggested by appellee's counsel, that the statute does not require that partition of a decedent's real estate shall be made within one year, but it is equally true that the statute does not prevent it. So far as the question is affected by the provisions of the statute, any interested party may institute the proceedings the day after the decedent's death. Unless, therefore, there are valid reasons appearing to the court for delaying the proceedings, the inquest should be awarded. In the case in hand, as we have seen, the only reason assigned is that the proceedings were premature because brought within a year of the decedent's death. But that is permissible under the statute. It is not alleged by the appellee that there are any debts, secured or unsecured, of the decedent, or that if there are any such debts that there is not personal estate, primarily liable for their payment, sufficient to liquidate them. It is not averred that the partition of the real estate within the year will injuriously affect any party interested in it, either as heir or creditor. Why, then, should it be delayed? On the death of the decedent his real estate vested in his heirs, subject to the payment of his debts and to the rights of his widow. If he had no indebtedness for which it was liable, the heirs were entitled to immediate possession, subject to the widow's statutory dower. They could not bring ejectment against the widow, and the only way in which they could obtain possession or its equivalent, the value of the property, was by partition proceedings. It is clear, therefore, that in the absence of any valid reasons being shown to the court, as in this case, the heirs of a decedent are entitled to commence partition proceedings at any time and prosecute them to completion.

While notice to the widow and heirs is not necessary before awarding an inquest in partition, yet, as suggested by Mr. Justice Agnew in Horam's Estate, 59 Pa. 152, "It would be better if the orphans' court would require a rule to show cause to be issued and served on all the parties in interest before awarding the inquest." If, on the return of the rule, there are any valid reasons for not awarding or for delaying the inquest, they can be made known and the court can make such decree as the facts may warrant. If it should appear that the

estate was heavily indebted, and that all or part of the real estate would be required to pay the indebtedness, the court could exercise its discretion and delay the partition proceedings. This would be in the interest of all the parties concerned, and no one would have a right to complain. If, on the other hand, it should appear that the real estate was not incumbered and would not be needed to satisfy the indebtedness of the decedent, and that there were no other sufficient grounds for denying the application, there would be no reason why an inquest of partition should not be awarded and the real estate divided among its owners.

It is proper to say that the learned judge of the court below in denying the appellants' application for an inquest was misled by the decision in Keim's Estate, 201 Pa. 609. The short per curiam opinion in the case is misleading in not stating the reason for the affirmance of the decree of the orphans' court. It was not intended by this court in sustaining the decree in that case to indorse all the reasons assigned by that court for its conclusion. It was there held by the orphans' court that the will of the decedent worked a conversion of the real estate into personalty which constituted a complete bar to proceedings for partition. This was decisive of the right to an inquest in the case, and the decree of the court below was affirmed.

The assignment of error is sustained, and the decree of the court below is reversed with a procedendo.