## Frederick et al. v. McGee

*E. K. Kline*, for plaintiff.

*R. G. Kleckner*, for defendant.

HENNINGER, J., November 13, 1939.—Plaintiffs are the widow and only child respectively of Stanley C. Frederick, who died intestate August 25, 1934. Defendant, Helen C. McGee, and Stanley C. Frederick, deceased, are the remaindermen under the will of Charles S. Frederick, who died January 6, 1915, and who, by his last will and testament, devised premises 36 North Thirteenth Street, Allentown, Pa., to his wife, Catherine J. A. Frederick, for life, and thereafter to his children, Stanley C. Frederick and Helen C. Frederick (now Helen C. McGee). Catherine J. A. Frederick, the life tenant, died April 7, 1939, and thereupon, on August 21, 1939, plaintiffs started partition proceedings in this court.

To the declaration in partition, defendant filed an answer (1) denying holding together and undivided as required in law to permit partition at this time because the estates of Charles S. Frederick, Stanley C. Frederick, and Catherine J. A. Frederick are not yet settled; (2) asserting (a) the enabling statute has not been designated, (b) that the proceedings are premature since there has been no adjustment of taxes paid during the life tenancy, (c) no verification; (3) expressing a sentimental desire on defendant's part to retain the homestead; (4) alleging that the house is in need of repair; and (5) asking that the declaration in partition be stricken to afford an opportunity for adjustment.

Plaintiffs thereupon took a rule to show cause why, on the pleadings, a judgment quod partitio fiat should not be entered, to which defendant answered, repeating in substance her original answer and setting up other matters, not now material to the issue, excepting that it questions the jurisdiction of the common pleas court.

At the argument and in his brief, defendant's counsel stresses particularly the fact that the several estates have not been settled nor taxes adjusted.

On its face, plaintiffs' declaration would justify entry of a judgment quod partitio fiat. Admitting the truth of

all allegations in the answer, we find that the several estates have not been settled, there has been no adjustment of taxes, that defendant has a sentimental claim to retain the property, and that the house is in need of repair.

It is clear that the court of common pleas has jurisdiction in this case. The Act of June 24, 1939, P. L. 707, which extended the jurisdiction of the orphans' court, continued the provision that the orphans' court should have jurisdiction, "but not exclusive jurisdiction".

Partition of this property need not await settlement of any of the estates mentioned. The only time when the settlement of estates might delay partition is during the period when decedent's debts are a lien pending partition. Even in that case, if there is no likelihood that any such debts exist or if it appears that the personalty is ample to secure payment of any debts, partition will not be delayed pending settlement of the ancestor's estate: Reifsnyder's Estate, 214 Pa. 637. In this case, the debts of Charles S. Frederick and Stanley C. Frederick have long since ceased to be liens on this real estate. Since Catherine A. J. Frederick had only a life estate, her debts could not become a lien on this property. There could be no cause, therefore, for delaying partition pending settlement of any of the three estates.

While it is undoubtedly safer and a gracious service to the court for a suitor to set forth the statute under which relief is asked, we know of no act of assembly or rule of court requiring it. It is sufficient if the pleading contains facts establishing plaintiff's right and the court's jurisdiction. The court and opposing party are presumed to know the law governing the situation presented by the facts pleaded.

We find no requirement in any statute or rule of court that a declaration in partition be verified. Pleadings in partition are not included in the Practice Act of May 14, 1915, P. L. 483, nor in our court rules. Court Rule 204

refers only to affidavits of defense; Rule 196 to actions of scire facias; Rule 199 to assumpsit, trespass, replevin, ejectment, libel and slander; Rule 7 to motions, petitions, remonstrances and exceptions; Rule 127 to actions in ejectment. The failure to include the declaration in partition in Rule 199 is probably due to an oversight, but, nevertheless, no such rule applying to actions in partition exists. Plaintiffs are reinforced in this position by 14 Standard Pennsylvania Practice 110, in which the form of a declaration shows no verification.

It requires no argument to demonstrate that a sentimental desire of one cotenant to retain possession is no bar to partition. The weight of such sentiment should be tested by the price offered for the premises by that cotenant. The fact that the premises are in need of repair weighs more strongly in favor of partition than against it. Nor is a depressed market a defense against partition: Kauffman's Estate, 30 D. & C. 607; Edelman v. Walter et al., 24 Northamp. 160.

Defendant has stressed particularly in her brief that she has advanced money for taxes and repairs during the life tenancy and asks for delay in the partition until this matter can be adjusted. The property in question is a dwelling house in which the life tenant and defendant have resided since the death of Charles S. Frederick, but we need not now decide their right to reimbursement. It is the claim for adjustment that is premature and not the partition proceedings. In Caldwell et al. v. Snyder et al., 178 Pa. 420, 423, it is stated: "Neither the interest of his widow nor the advancements is any obstacle to partition; for the law makes provision for . . . such matters".

There is no allegation, therefore, either in defendant's answer or in her answer to the rule for judgment which would bar the entry of the same.

Now, November 13, 1939, it appearing that this court has jurisdiction of the parties and the subject matter and that defendant in her answer has set up no state of facts or propositions of law which would prevent the

entry of judgment quod partitio fiat, nor has she consented to such partition, the court proceeds to examine the title as set forth in plaintiffs' declaration and not denied in defendant's answer and finds the title to be as therein stated and, therefore, enters judgment that plaintiffs shall have partition of the same and does award a writ to make partition whereby their several proportions or purparts shall be set out in severalty.