## Mahoney Estate.

Argued March 28, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Edw. J. I. Gannon,* with him *Hazlett, Gannon & Walter,* for appellant.

*John A. Briley,* for appellees.

Opinion by Mr. Justice Patterson, April 14, 1947:

Ethel Mahoney, appellant, filed her petition for partition, alleging that by virtue of an antenuptial agreement and the terms of the will of John H. Mahoney she is the owner of an undivided one-third interest in the real estate of which the said John H. Mahoney, her husband, died seized. An answer was filed by the five children of deceased, appellees, denying her right to partition. The court below dismissed the petition, holding that (1) with regard to the antenuptial agreement, appellant stood in the position of a creditor, and (2) with regard to the will, her interest was to be determined at the audit of the estate.

On January 31, 1936, John H. Mahoney and his intended wife, Ethel Kocsis, entered into an antenuptial agreement. By the terms thereof, each relinquished all rights which he or she "could have in and to the personal or real estate (of the other) . . . under the intestate laws of Pennsylvania, and does hereby agree to accept and receive a share of said estate . . . to-wit, the undivided one-sixth part thereof, in full settlement of all such claims or demands, as (she or he) might or otherwise could have as (widow or surviving husband) of the said (respective spouse) in the event of (her or his) death." The agreement further provided that the "true intent and meaning" was that appellant should "receive the same share or portion of the estate of the said JOHN H. MAHONEY as would be received by each of the children of JOHN H. MAHONEY in the event of his death intestate."

John H. Mahoney died testate March 13, 1944, survived by appellant and five children by a prior marriage, appellees. After making numerous bequests, he provided: "Eleventh: I give, devise and bequeath all the rest, residue and remainder of my estate to the following in equal shares: My wife, Ethel K. Mahoney and my

children, Gertrude Mahoney Vogel, John H. Mahoney, Arthur F. Mahoney, Clair R. Mahoney and Mary Mahoney Petrolia."

"Twelfth: I direct that my executors sell any real estate of which I may die seized at a price or prices, at a time or times, and upon terms that to them may seem fair and reasonable, and to pay the proceeds thereof unto my residuary estate."

Appellant contends that by virtue of said agreement, upon death of John H. Mahoney, there vested in her, as tenant in common with his five children, an undivided one-sixth interest in all of his real estate, and that a similar result was effected by item Eleventh of his will. Appellees contend that item Twelfth of the will, directing the executors to sell any real estate of which testator died seized, effected an equitable conversion thereof into personalty and her interest under the agreement was that of a creditor, and, that her interest, if any, in the estate under the will, could not be ascertained until the audit of the executors' account.

Item Twelfth of the decedent's will constituted a clear and positive direction to sell and pay the proceeds into the residuary estate. The direction to sell was absolute and no discretion was given to the executors in that regard. The discretion regarding time and amount does not relate to the direction to sell and cannot deprive the direction of its efficacy. There was, therefore, an equitable conversion of the real estate into personalty. Such conversion constitutes a bar to this action for partition: *Keim's Estate,* 201 Pa. 609, 612, 51 A. 337. See *Reifsnyder's Estate,* 214 Pa. 637, 640, 63 A. 1075. In the latter case this Court, explaining its holding in *Keim's Estate,* supra, said (page 640) : "It was there held by the orphans' court that the will of the decedent worked a conversion of the real estate into personalty which constituted a complete bar to proceedings for partition. This was decisive of the right to an inquest in the case, and the decree of the court below was affirmed."

The antenuptial agreement did not constitute an inter vivos conveyance of a one-sixth interest in Mahoney's real estate. Vesting of rights under the agreement depended upon survivorship. Those rights became fixed only upon Mahoney's death. Her interest under said agreement was a one-sixth interest in his "estate", not in his real estate alone. Since decedent, by his will, converted his estate into personalty, she was, by virtue of the agreement, entitled, as a creditor, to one-sixth of the value of his estate: *Brown's Estate,* 340 Pa. 350, 17 A. 2d 331; *Coane's Estate,* 310 Pa. 138, 165 A. 2. Her interest in the estate, under the terms of the will, will be determined at the audit of the executors' account. The bill for partition was properly dismissed.

Decree affirmed, costs to be paid by appellant.