Mills Estate.

Argued January 3, 1950; reargued January 3, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL and LADNER, JJ.

*George W. Keitel,* Deputy Attorney General, with him *Harold E. Martin* and *Charles J. Margiotti,* Attorney General, for appellant.

*Harris C. Arnold,* with him *Arnold, Bricker & Beyer,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 21, 1951:

The question raised by this appeal is whether the *amount* awarded to a widow under the terms of an agreement for support constitutes a *debt* of the husband "contracted *bona fide* and for an adequate and full considera-

tion in money or money's worth." The learned court below ruled that it did. This appeal followed.

Section one of the Act of June 24, 1939 P. L. 721, 72 PS 2302 et seq. (amending the Act of 1919, supra), as further amended, provided, inter alia, for deductions for debts of a decedent in appraising and assessing Pennsylvania Transfer Inheritance Tax: ". . . That the deductions herein allowed in the case of any indebtedness of the decedent shall, when founded upon a promise or agreement, be limited to the extent that they were contracted *bona fide* and for an adequate and full consideration in money or money's worth." (Italics supplied)

On May 17, 1946, James H. Mills and his wife, Anna Irene Mills, entered into a post-nuptial agreement, under seal, and which preceded a divorce. In the recital to the agreement it is stated: "Whereas, both the Husband and Wife have accumulated estates and the Husband wishes to make proper provision for the support, maintenance and comfort of his Wife, whether they be divorced or their marital ties continue." The consideration named was: ". . . the mutual undertakings of the parties hereto as hereinafter contained, *and in settlement, adjustment and compromise of all property questions and rights and liability for support and maintenance and in order to end a family controversy and in consideration of the sum of One ($1.00) Dollar,* in hand paid by each of the parties hereto to the other. . . ." (Italics supplied) In the agreement the husband "admits and recognizes his legal liability to his wife for support and maintenance." He agreed: to pay his wife $300 a month while he was employed, and after his retirement $150 per month; real estate held by them in entireties could be sold after divorce and the husband's retirement and proceeds divided equally; if such real estate was not sold before his death the husband's interest therein was to go to the wife; he also agreed to make a will leaving all

his estate to the wife; policies of life insurance payable to wife were to be irrevocable. The *wife* agreed that real estate held by them in entireties could be sold after divorce and her husband's retirement and proceeds equally divided; in the event that the wife predeceased her husband before sale of the real estate, the husband was to receive a one third interest therein and the wife agreed to make a will leaving her husband one third of her estate. The wife by this agreement effectively surrendered all other right to support. The parties were subsequently divorced. The husband, until his death, complied with the agreement. His will was probated. The Commonwealth assessed a transfer inheritance tax on the amount payable to the widow. At the audit of the account of the executrix, the widow presented her claim *as creditor,* which was allowed.

In *Neller Estate,* 356 Pa. 628, 53 A. 2d 122, it was decided by a majority of this Court, contra to the doctrine in the Federal jurisdiction, that a wife's waiver of her marital rights may constitute the consideration for a contractually created debt of the husband. The majority and minority views were expressed *in extenso* in the majority and dissenting opinions. It would be unnecessarily repetitious again to repeat the legal principles. In *Stadtfeld Estate,* 359 Pa. 147, 58 A. 2d 478, we reaffirmed the doctrine of *Neller Estate.* Mr. Justice HORACE STERN said, p. 151: "... in Neller Estate, 356 Pa. 628, 53 A. 2d 122, which held that the share of a decedent's estate due to his widow under a separation agreement is not subject to the Pennsylvania transfer inheritance tax since the payment made to the widow out of the estate is not in the nature of a legacy but is merely the liquidation of a debt."

In the dissenting opinion in *Stadtfeld Estate,* supra, p. 155, it was said: "In Neller Estate, 356 Pa. 628, 53 A. 2d 122, we decided that a spouse *was a creditor* under a postnuptial settlement agreement. What a spouse gives

up under such an agreement represents *'money or money's worth'*. It is true that under the Federal Estate Tax Act such a deduction is *not* allowable. Such an obligation is not regarded under Federal law as being based upon 'money or money's worth'. See citation of authorities in dissenting opinion of Mr. Justice JONES in the Neller case."

The Commonwealth in the present case challenges the ruling of the court below that the present agreement creates a *debt* due the widow which meets the statutory requirement that also it must be founded upon *"an adequate and full consideration in money or money's worth."*

The late Chief Justice MAXEY said in *Neller Estate,* supra, p. 636: ". . . when this husband and wife decided to separate and the husband promised his wife in writing that he would support her by paying the sums stipulated, this promise gave rise to a debt. The amount of support due at his death was as much a debt as would have been any arrearages in the weekly sums he had agreed to pay her for her support."

Since the decision in *Neller Estate,* supra, it is no longer an open question in Pennsylvania that a *bona fide* separation agreement between a husband and wife providing for a payment at the husband's death, constitutes a *debt* and is consideration in money or money's worth.

Furthermore, the *Neller* case was dated April 18, 1947, while the Legislature of 1947 was still in session. We said in *Salvation Army Case,* 349 Pa. 105, 110, 36 A. 2d 479: "If our interpretation were not consonant with the legislative purpose, it was within the power of the legislature to amend the Act in order to effectuate that purpose." It is most significant that two sessions of the Legislature have passed since the *Neller* decision, but no amendment to the Act as construed by this Court has been enacted: *Chester School District's Audit,* 301 Pa. 203, 214, 151 A. 801; *Lower Nazareth*

*Township Supervisors' Appeal,* 341 Pa. 171, 175, 19 A. 2d 92.

As required by the statute, supra, in order to secure deduction for debts of a decedent in a transfer inheritance tax assessment, it is necessary to establish that the debts *"were contracted bona fide and for an adequate and full consideration in money or money's worth."* In *Neller Estate,* the majority opinion states that the debt was so established. In the present case no question is raised as to the *bona fides* of the agreement. However, a more searching inquiry should have been made in the court below concerning the ages of the parties, the extent of their respective property, the prospects of financial advancement and the earning capacity of the husband and an analysis of that which the wife relinquished and what she was to receive. All of this to ascertain, as nearly as possible, whether what the husband agreed to do was "for an adequate and full consideration in money or money's worth," or at least, what part of it was such. The late Chief Justice MAXEY said, in *Neller Estate* (356 Pa. 628, p. 635) :

"Undoubtedly, there are some marital rights that cannot be expressed in terms of money but a wife's right to support certainly *can* be so expressed." While the *amount* cannot always in every case be arithmetically calculated, the inquiry must satisfy the hearing judge not only that the separation agreement was *bona fide* but that the amount of the debt represented a *substantially* adequate and full consideration in money or money's worth, for only to *that extent* is it a deductible tax exemption.

We note that the appeal is from a definitive decree of distribution, following an audit of an account in the Orphans' Court. In essence, however, it is an appeal from an assessment of a transfer inheritance tax by the Register of Wills. While the proper practice has not been followed *(Reynolds Estate,* 359 Pa. 616, 620, 60 A.

2d 57; *Borie's Estate,* 13 D. & C. 355, 357), to prevent circuity of action we will dispose of the tax question as if on a tax appeal: *Laura H. Tobey's Estate,* 10 D. & C. 229 (GEST, J).

The record remitted for the purposes indicated in this opinion. Costs to abide the event.

---

CONCURRING OPINION BY MR. JUSTICE JONES:

As long as the relinquishment of a marital right constitutes "consideration in money or money's worth", for the promise of one spouse to the other, within the contemplation of the Pennsylvania Transfer Inheritance Tax Act, as amended (see *Neller Estate,* 356 Pa. 628, 637, 53 A. 2d 122), a consequent, but nonetheless important, inquiry is whether a consideration of such character is "adequate and full" in the given circumstances. In the instant case, the learned court below failed to make any findings of fact whereof a conclusion as to the adequacy and fullness of the consideration could be competently predicated. I therefore concur in this court's action in remanding the case so that relevant findings appropriate to the evidence may be made and the adequacy and fullness of the consideration adjudicated accordingly.

Mr. Justice STERN joins in this concurrence.