Zeitchick Estate.

172

Argued January 17, 1967. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edward A. Garabedian,* for appellant.

*Leonard B. Rosenthal,* with him *Abrahams & Loewenstein,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, June 30, 1967:

This appeal follows the decree of the Orphans' Court of Philadelphia County, dismissing appellant's exceptions to the amended supplemental adjudication of Judge SAYLOR, awarding $10,000 to the widow, Sophie Gross Zeitchick, appellee, as a creditor of the estate.

The testator died on December 14, 1963, survived by his widow, the appellee, and a son, the appellant. The marriage between the testator and the appellee was the second for both, and the appellant, decedent's son, was born of his previous marriage. The parties were married on October 12, 1956. On October 5, 1956, they executed an antenuptial agreement, under which the testator agreed to devise the premises at 6474 Anderson Street, Philadelphia, to appellee, in considera-

tion for which the appellee agreed to release the rest of his estate from her claims as the surviving spouse. The agreement further provided that if the real estate at 6474 Anderson Street were sold in his lifetime, he would provide then, under such circumstances, in his will, a bequest of $10,000 to his widow in lieu of the real estate.

On the same day, the testator executed his Last Will and Testament, wherein, as agreed in the antenuptial agreement, he provided: "2. I give, devise and bequeath to my beloved friend, SOPHIE GROSS, whom I intend to marry within the next few weeks, real estate premises in which I reside, to wit: 6474 Anderson Street, Philadelphia, Pennsylvania and all the contents thereof, subject, however, to any balance due on a mortgage against the said property. If I should sell the said premises 6474 Anderson Street before my decease, then in lieu thereof, I give, devise and bequeath to my beloved friend, Sophie Gross, the sum of Ten Thousand Dollars in cash as well as the contents of any other apartment or house which we may occupy as our home at the time of my death."

In the same instrument, the testator devised and bequeathed to his son, Milton Zeitchick, all his right, title and interest in the partnership business conducted by himself and his son, including the real estate at 623 S. Sixth Street, Philadelphia, Pa., where the business was conducted. In addition, testator named his son as residuary legatee and executor of his estate.

On December 18, 1957, testator conveyed the premises at 6474 Anderson Street, Philadelphia, Pennsylvania, in which conveyance the appellee joined.

Testator's estate consisted of a small amount of cash, household goods and furniture appraised at $708, decedent's interest in the partnership of Harry Zeitchick & Son, and the real estate where the business was operated, valued at $10,500. At audit, on November

10, 1964, appellee presented a claim as creditor, by virtue of the antenuptial agreement, in the amount of $10,000. Previously, on or about December 24, 1963, appellee had filed notice of a claim in the amount of $10,000 as a lien against the property at 623 S. Sixth Street, Philadelphia, Pa., under §732(b)(2) of the Fiduciaries Act of April 18, 1949, as amended, 20 P.S. §320.732.

The validity of the antenuptial agreement and appellee's status as a creditor were admitted at audit, at which time the appellant contended that appellee could only be paid from personalty, and that by reason of the language of Paragraph 6* of the antenuptial agreement, the real estate wherein the partnership business was conducted at 623 S. Sixth Street, Philadelphia, was beyond appellee's reach. On January 15, 1965, Judge SAYLOR filed his adjudication, awarding $10,000 to appellee as a creditor. He observed at that time that if the widow were to be paid her $10,000, it would be necessary to liquidate the parcel of real estate at 623 S. Sixth Street. He further ruled that Paragraph 6 of the antenuptial agreement did not place the property beyond the reach of appellee. Exceptions were filed and, in an opinion dated May 26, 1965, the matter was referred back to the auditing Judge, for disposition of other questions not resolved at audit.

On November 16, 1965, Judge SAYLOR filed a supplemental adjudication, in which he surcharged the appellant for breach of fiduciary responsibilities, and directed the appellant to pay the amount thereof into the estate, and to sell the real estate in order to pay the appellee. On November 24, exceptions were again filed, and on January 10, 1966, the proceedings were again

---

* Paragraph 6 of the antenuptial agreement contains an acknowledgment by appellee that she had been fully informed that testator had executed a will devising the real estate at 623 S. Sixth Street to appellant, and her agreement to take no steps to prevent that bequest from taking full force and effect.

referred back to the auditing Judge for further consideration. On March 25, 1966, an amended supplemental adjudication was filed by the auditing Judge, which reduced the amount of the surcharge; however, in all other respects, the adjudications of January 15, 1965, and November 16, 1965, were confirmed. The court again ordered the appellant to sell the real estate and appellant again filed exceptions. On April 18, 1966, before the court en banc, the appellant's counsel stated: "I have an application to make, your Honor. It is not my intention to argue the exceptions filed on behalf of the estate. I have no qualms with Judge SAYLOR's recent adjudication. All that my client asks is that one point that has previously been decided by this court be taken to the Supreme Court.

"That is whether or not Sophie Zeitchick is in fact a creditor, one; and two, if she is in fact a creditor, were not the premises isolated from any claim on her behalf."

The court en banc, accordingly, at the request of appellant, dismissed all of the exceptions except the one relative to the finding of the auditing judge that appellee had a valid claim for $10,000. This exception, in turn, was dismissed by the court en banc for the reasons set forth in Judge LEFEVER's opinion of March 26, 1965. The court en banc confirmed absolutely the adjudication and supplemental adjudication as amended; this appeal followed.

The decision reached by the court below was proper. As we recently said in *Pratt Estate*, 422 Pa. 446, 450, 221 A. 2d 117 (1966) : "The law is well settled that where a testator in his will gives specified property or a share of his estate in exact or substantial compliance with the terms of his obligations under an inter vivos property settlement (or separation) agreement made with his wife, *that wife is a creditor* of his estate and not a legatee under his will. Mills Estate, 367 Pa. 504,

80 A. 2d 809. Cf. also, Neller Estate, 356 Pa. 628, 53 A. 2d 122; Brown's Estate, 340 Pa. 350, 17 A. 2d 331; Mahoney Estate, 356 Pa. 358, 52 A. 2d 328; Coane's Estate, 310 Pa. 138, 165 Atl. 2; Bowman v. Knorr (No. 1), 206 Pa. 270, 55 Atl. 976." (Emphasis in original)

The same principles which apply to property settlements made in contemplation of separation or divorce apply with equal force to antenuptial agreements made in contemplation of marriage. Moreover, in *Wilson Estate,* 346 Pa. 562, 31 A. 2d 106 (1943), we stated: ". . . an antenuptial agreement ordinarily constitutes the wife a creditor rather than an heir [citing cases]." There is nothing in the conduct of appellee subsequent to the death of her husband to indicate that she has elected to regard herself as an heir or legatee rather than as a creditor.

Appellant's contention that the language of Paragraph 6 of the antenuptial agreement insulates the property at 623 S. Sixth Street from appellee's claim is effectively answered in the opinion of Judge SAYLOR of November 10, 1964. In that opinion, Judge SAYLOR said: "It is next contended that even though Sophie has the right as a creditor to proceed to collect the $10,000, she cannot do so with respect to 623 South Sixth Street, because of the waiver clause in the sixth item. There is no question as to the ability of the parties to insulate or release a given item of property from Sophie's claim. Even a judgment creditor having a lien on several parcels of real estate can agree to release a particular tract from the lien of his judgment. The only question is whether by the language used in the antenuptial agreement she has done so.

"Counsel for the parties have not given due consideration to the closing words of the sixth paragraph: 'to the same extent as though the parties to this agreement have never married'. To what does this clause relate, and what is its meaning? Looking at the com-

plete provision, the instrument reads: '. . . she will take no steps to contest the . . . Will or to prevent the bequest therein contained from taking full force and effect, to the same extent as though the parties had never married.'

"Whether Sophie was married to the decedent or not would not have any effect upon her ability to contest his will, assuming that she had an interest in the estate. It is, therefore, clear that the 'to the same extent' provision can apply only to modify 'prevent the bequest'. But the only way in which a wife can prevent a bequest from taking effect, which is not available to a non-wife, is by an election to take against the will. The 'prevent the bequest' provision must therefore be read as referring to preventing the bequest from effect by taking against the decedent's will.

"Sophie has not contested the will, nor has she filed an election to take against the will. Whether she was married or single would have no effect on her standing as a creditor, and therefore the provision under consideration does not bar her from asserting her rights as a creditor. In any event, the rights of the widow should not be taken away from her by vague language which would not convey to a reasonable person that when she signed the agreement she was agreeing that she would not be paid the $10,000 unless, in addition to premises 623 South Sixth Street, there was sufficient other property to pay her claim."

We are not impressed by appellant's argument that the will, by its language, limited the payment of $10,-000 to appellee only if there were $10,000 in cash among the assets of the estate. The will did not require a payment from cash; rather, it bequeathed to appellee, in lieu of the real estate, the sum of $10,000 in cash, which amount appellee is entitled to receive as a creditor of decedent's estate.

Decree affirmed, costs to be borne by appellant.

Mr. Justice JONES and Mr. Justice ROBERTS would quash the appeal because not timely.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.

———

DISSENTING OPINION BY MR. JUSTICE COHEN:

In my opinion, the antenuptial agreement reflects an intention on the part of each party thereto that in the event that the Anderson Street property were sold appellee would receive ten thousand dollars from any assets of the estate other than the business property. Indeed, appellee is herself partly responsible for the sale of the Anderson Street property because she joined in the conveyance. She could have protected her interests at that time by requiring that testator set aside for her the fund she now seeks from the sale of the business property.

Furthermore, although not an issue in this appeal, I would admonish the lower court to follow the practice set forth in *Ellis v. Ellis,* 415 Pa. 412, 203 A. 2d 547 (1964), wherein we held that the court of common pleas, not the orphans' court, has jurisdiction over the dissolution of partnerships and an accounting of the interests of the partners (living or deceased) therein. Only after the common pleas court has determined the value of the share of the deceased partner can the executor be surcharged for breach of fiduciary obligation. I, therefore, think that the court's action in surcharging appellant was patently erroneous.

Finally, I would add that although the business property may have been titled in the name of testator alone, it may in fact have been an asset of the partnership, with the result that his estate could not acquire a greater right than he possessed during his lifetime. *Ellis v. Ellis,* supra.

I dissent.