Opinion by
 

 Jacobs, J.,
 

 This appeal questions tbe jurisdiction of tbe Common Pleas Court, Trial Division, of Philadelphia over a suit in assumpsit against an inter vivos trust being administered by the Common Pleas Court, Orphans’ Court Division, of Delaware County. The court below held that it had such jurisdiction. We reverse.
 

 Orphans’ courts were abolished and their jurisdiction transferred to the common pleas courts by article 5 of the Constitution of Pennsylvania and its implementing Schedule, effective January 1,1969. Pa. Const, art. 5, §1 et seq. Section 4 of the Schedule provides that in judicial districts having separate orphans’ courts the courts of common pleas shall “exercise the jurisdiction presently exercised by the separate orphans’ courts through their respective orphans’ court divisions.” Pa. Const, art. 5, §4. Both Philadelphia and Delaware County are judicial districts which had separate orphans’ courts, and we interpret §4 of the Schedule as preserving, in the present common pleas courts and orphans’ court divisions of those districts, the same jurisdictional distinctions as previously existed between the common pleas courts and the separate orphans’ courts.
 

 On May 1, 1959, the appellee entered into an ante-nuptial agreement with William J. Durst, Sr., under which in the event of his death appellee would receive one-fifth of his estate. The parties were married later that month. On December 13, 1967, Durst created an inter vivos deed of trust, transferring the bulk of his property to the appellants as trustees. In the deed of trust he provided,
 
 inter alia,
 
 that on his death his trustees would distribute to the appellee two-tenths of the remainder of his estate which he described as being the amount stipulated in the antenuptial agreement. On the same date Durst made a will by which he left his
 
 *293
 
 entire estate, after payment of debts and funeral expenses, to the trustees of the inter vivos trust.
 

 Durst died January 6, 1968, a resident of New Jersey.
 
 [1]
 
 The inter vivos trust agreement provided that it should be construed and administered under the laws of Pennsylvania. One of the trustees being a resident of Delaware County, an accounting of the trust was filed in the Orphans’ Court of Delaware County in accordance with §308 of the Orphans’ Court Act of 1951, 20 P.S. §2080.308, fixing the situs of inter vivos trusts. The account was called for audit on May 5, 1969. Notice of the audit was given to appellee and her attorney, and the attorney was present at the audit. An adjudication was filed June 10, 1969, making an award to appellee; appellee took no exception.
 

 Apparently dissatisfied with the amount awarded her by the audit, appellee, on October 13, 1970, filed this assumpsit action in Philadelphia. The suit is grounded on the antenuptial agreement. Although the appellants are named as individuals in the suit, no personal liability is alleged and it is apparent from the complaint that they are being sued as trustees of the inter vivos trust. The complaint alleges that under the agreement appellee is entitled to one-fifth of her husband’s estate; that the entire estate of Durst is in the hands of the defendant-trustees; that the estate at Durst’s death totaled $571,536.00; that she is entitled to one-fifth of that amount or $114,307.20; that the trustees have paid her $70,000.00; and she asks judgment for the balance of $44,307.20.
 

 Appellants filed preliminary objections to the complaint in Philadelphia, raising a question of jurisdiction. They claim that the suit involves the administration and distribution of the real and personal
 
 *294
 
 property of an inter vivos trust over which the orphans’ court has exclusive jurisdiction by virtue of §301 of the Orphans’ Court Act of 1951, 20 P.S. §2080.301.
 

 Section 301 of the Orphans’ Court Act of 1951 provides,
 
 inter alia:
 
 “The orphans’ court shall have exclusive jurisdiction of____(3) ... The administration and distribution of the real and personal property of inter vivos trusts. . . .”
 
 [2]
 
 Section 102(6) of the same act, 20 P.S. §2080.102(6), defines “inter vivos trust” to mean “an express trust other than a trust created by a will, taking effect during the lifetime or at or after the death of the settlor.” It includes a “trust created under a deed, agreement, or declaration,” but does not include a “trust for creditors.”
 

 The common pleas court below held that it had jurisdiction of this suit. In its opinion it said that appellee’s status was that of a creditor; that it was not dealing with an inter vivos trust as defined above; and that the construction of a contract was clearly within the province of the court of common pleas.
 

 It is correct that under Pennsylvania law an ante-nuptial agreement constitutes the wife a creditor of the husband’s estate rather than an heir whether it be for a specified amount or for a share of the husband’s estate.
 
 Zeitchick Estate,
 
 426 Pa. 171, 231 A.2d 131 (1967);
 
 Pratt Estate,
 
 422 Pa. 446, 221 A.2d 117 (1966) ;
 
 Wilson Estate,
 
 346 Pa. 562, 31 A.2d 106 (1943) ;
 
 Brown’s Estate,
 
 340 Pa. 350, 17 A.2d 331 (1941); and
 
 Goeckel’s Estate,
 
 131 Pa. Superior Ct. 36, 198 A. 504 (1938). Both the lower court and appellee cite §102(6), supra, which excludes a trust for creditors from the definition of inter vivos trusts, and apparently conclude that since appellee is a creditor of the estate of
 
 *295
 
 her husband the trust was one for creditors. We do not agree, and hold that this trust is an inter vivos trust qualifying under §301(3) of the said act. The only possible creditor mentioned in the trust is appellee. Two individuals and two charities are each given specific amounts of money in the nature of pecuniary legacies. In addition to the two-tenths given to appellee, one-tenth is given to each of three children of the settlor and the remaining one-half is held in trust for his daughter. The trust provides for payments of income and principal to the settlor during his lifetime and the payment of income and principal to the daughter under the trust of the remaining one-half. None of these provisions is for the benefit of any creditor. While the purpose of the trust is not expressed in the instrument, it is obvious that it was not primarily for the benefit of creditors, but for the benefit of many other persons as well. To constitute a trust for creditors enough of the beneficiaries of the trust must be creditors of the settlor to evidence a purpose to protect that class.
 

 If the appellee is claiming as a creditor or is asking for a construction of the antenuptial contract her action lies against the estate of the decedent, not the inter vivos trust. The contract from which her rights arise was entered into with her husband when he was living. The rights and obligations of that contract survived his death and descended to his personal representatives, not the inter vivos trustees. An action to enforce those rights must be brought against the personal representatives. Section 603 of the Fiduciaries Act of 1919, 20 P.S. §320.603. The situation would be different if appellee had entered into an agreement directly with the trustees after the trust was created, but that is not this case.
 

 In the complaint it is claimed that the trustees of the inter vivos trust are charged by its terms with pay
 
 *296
 
 ing appellee the “amount stipulated in our antenuptial agreement dated May 1, 1959.” Later paragraphs recite how much appellee interprets that amount to he. This is the only claim raised in the complaint for which the trustees of the inter vivos trust could be accountable. However, the claim involves an interpretation and adjudication of the inter vivos trust. Clearly this is a matter encompassed within the administration and distribution of the inter vivos trust and just as clearly is within the exclusive jurisdiction of the orphans’ court.
 

 The order of the court below is reversed and the complaint is dismissed for lack of jurisdiction.
 

 [1]
 

 Nothing appears in the record as to whether or not letters were taken out in his estate.
 

 [2]
 

 Prior to the passage of that act, orphans’ court jurisdiction over inter vivos trusts was concurrent with that of common pleas.
 
 Schwartz v. Schwartz,
 
 316 Pa. 318, 175 A. 386 (1934).