## Blumenthal's Estate.

*Partnership—Elements of—Participation in profits—Orphans' court.*

1. Where a contract provides for participation in profits, as profits, not for a salary to be measured by the amount of profits realized, partnership exists as between the parties themselves. Participation in profits may or may not constitute partnership as to third persons, depending entirely upon the facts of the particular case; but whenever the contract provides for a direct mutual participation, the parties to the contract have common ownership in what profits there are, and with respect to these they are partners as between themselves however they may stand with respect to third parties.

2. The orphans' court has no jurisdiction to take cognizance of partnership transactions and state an account between partners; nor can it acquire such jurisdiction through an agreement of the parties.

Argued Jan. 12, 1910.  Appeal, No. 358, Jan. T., 1909, by
Mack Latz, from decree of O. C. Phila. Co., April T., 1909,
No. 102, dismissing exceptions to adjudication in Estate of
Solomon Blumenthal, deceased.  Before FELL, C. J., BROWN,
MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.
Affirmed.

Exceptions to adjudication.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to adjudication.

*Walter J. Rosenstein*, of the New York Bar, with him *William Gorman*, for appellant.—Appellant's agreement, properly
interpreted, is a joint adventure for a division of profits between the parties after all salaries and expenses are paid:
Galbreath v. Moore, 2 Watts, 86; Wright v. Cumpsty, 41 Pa.
102; Cleveland v. Fararr, 4 Brewster, 27; Finley v. Stewart, 56
Pa. 183.

Where in a joint adventure one appropriates the proceeds
to his own use he becomes a debtor to his associate and an action at law or in equity for an account will lie: Wann v. Kelly,
5 Fed. Repr. 584; Sheldon v. Wood, 15 N. Y. Super. Ct. 267;
Jackson v. Hooper, 74 Atl. Repr. 130; Warwick v. Stockton,
55 N. J. Eq. 61.

Appellant was entitled to an accounting here, irrespective
of the account furnished, the correctness of which was questioned as soon as furnished.  See Marston v. Gould, 69 N. Y.
220; Hurley v. Walton, 63 Ill. 260; Edson v. Gates, 44 Mich.
253 (6 N. W. Repr. 645).

*James Collins Jones*, with him *Felix H. Levy*, for appellees.

OPINION BY MR. JUSTICE STEWART, February 21, 1910:
The decedent, whose estate is here involved, had been a
partner in a business firm engaged in the manufacture and
sale of clothing.  The appellant was employed by this firm as
a traveling salesman.  His contract was for a year, and it

provided that he was to receive a fixed salary, payable in monthly installments, and in addition "one-third of the net profits of the year's business, after first deducting all expenses incurred in the firm's business and all losses by depression of stock, bad and failed accounts, or otherwise, and all interest on the capital invested by the said Blumenthal Bros. & Co., at six per cent per annum." It was further stipulated in the contract that the net profits in the year's business should be ascertained "by the net results of the profit and loss account of Blumenthal Bros. & Co." Appellant admits that the fixed salary was paid him in full, but he makes demand for a one-third of what he claims were the net profits of the year's business. Upon the expiration of his term of service the firm furnished him with a copy of the profit and loss account as made out by the firm and entered on its books, showing an entire net profit of $3,241.88. Appellant denies the correctness of this account. He claims that the stock of merchandise belonging to the firm had greatly appreciated in value during the year because of an advance in the market; that he was entitled to share in this appreciation as an element of profit under his contract, but that it is not included in the firm's profit and loss account. He further claims that certain items of expense were improperly deducted in making up the account. He estimates his share of the profits at $14,029.44, and makes claim for this sum with interest. The auditing judge in disallowing the claim assigned two reasons: first, because under the terms of the contract appellant was entitled to share only in the profits actually realized on goods sold; and second, because the contract provided a method by which the profits were to be ascertained, namely, the profit and loss account of the firm; and no fraud being alleged in connection with the account as made out by the firm, the amount thus ascertained was conclusive upon the parties. To these he might have added a third, which to our minds is controlling without regard to those advanced. The claim was introduced in a proceeding in the orphans' court distributing the balance in the hands of the executors belonging to the estate of one of the deceased partners. If the appellant stood in the position

of a creditor of the firm of which the decedent had been a partner, there would be no reason why the orphans' court could not in this proceeding adjudicate his claim; but his counsel repudiate this relation, and insist that he was a partner with respect to the net profits. In this we think they are entirely correct as a matter of law. Where the contract provides for participation in profits, as profits, not for a salary to be measured by the amount of profits realized, partnership exists as between the parties themselves. Participation in profits may or may not constitute partnership as to third persons, depending entirely upon the facts of the particular case; but whenever the contract provides for a direct mutual participation, the parties to the contract have common ownership in what profits there are, and with respect to these they are partners as between themselves however they may stand with respect to third parties. The profits are by agreement turned into the common stock. Partnership, says Story, is a relation created by "a contract between two or more persons to place their money, effects, labor or skill, or some or all of them, in lawful commerce and divide the profits between them." Parsons defines it as "a combination by two or more persons of capital, or labor or skill, for the purpose of business for their common benefit." Pollock, as "a relation which subsists between persons who have agreed to share the profits of a business carried on by all or any of them on behalf of all of them." Lindley in his work on Partnership, sec. 7, says: "The basis of a partnership is an agreement to share the profits arising from some business or undertaking. . . . Nothing, perhaps, can be said to be absolutely essential to the existence of a partnership except a community of interest in profits resulting from an agreement to share them." The contract in the present case meets every requirement of these definitions. It results that except as appellant can show a settlement between the partners on an account stated of the profits, and a definite agreement as to what he was entitled to receive, he cannot be regarded as a creditor of the firm, and his claim cannot be adjudicated in the orphans' court. The remedy in such case as his must be an action in account render, or a bill

in equity for an account. We gather from appellant's history of the case that the latter remedy was tried during the lifetime of the Blumenthals (both of whom are now dead), but for some undisclosed reason, after a full examination of the firm's books by the plaintiff's expert accountant, the suit was discontinued. Just what appellant proposed to accomplish through that well-chosen action, a settlement of the partnership accounts, he proposed to do in this proceeding in a tribunal without jurisdiction in such cases. This appears from the agreement filed in the case wherein it was stipulated, that if the auditing judge should be of opinion that claimant was entitled to any other amount than that which appears on the profit and loss account of the books of the firm, then a special master should be appointed to take the testimony and report and settle an account between the parties. The orphans' court has no jurisdiction to take cognizance of partnership transactions, and state an account between partners; nor can it acquire such jurisdiction through an agreement of the parties. No authorities need be cited for so plain a proposition. Had appellant submitted the partnership account of profit and loss, and claimed thereunder the amount there admitted to be due him, his claim would have been adjudicated; but he distinctly repudiated it, and asserted his claim for an accounting. As we gather from the record, his share of the profits as determined by the profit and loss account was almost entirely diverted by an attachment proceeding directed against the firm as garnishee, in which it was compelled to pay nearly the full amount to another. In abandoning his claim under that account, appellant risked but little; but that little he has lost as a liability of this estate. For the reasons we have stated, the appeal is dismissed at the costs of the appellant.