## Leary *v.* Kelley, Appellant.

*Partnership—Liquidating partner—Compensation—Costs—Misconduct—Failure to except to findings of auditor—Appeal.*

1. A liquidating partner is not ordinarily entitled to compensation for his services.

2. Where a liquidating partner claims certain items of credit in his account and objection is made to them the burden is on him to furnish vouchers or other proof of the credits claimed.

3. If a liquidating partner renders litigation against him necessary by his denial of the partnership, and by filing an unjust and false account, costs will be imposed upon him.

4. Where an auditor disallows a claim and no exception to such disallowance is filed before him or in the lower court, the appellate court cannot consider the matter.

Argued March 20, 1923. Appeal, No. 284, Jan. T., 1923, by defendant, from decree of C. P. No. 1, Phila. Co., March T., 1919, No. 3023, on bill in equity, in case of James J. Leary individually, and as executor of estate of Margaret Sheridan, deceased, v. George G. Karlavagn Kelly. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for an accounting.

Exceptions to report of Roland C. Heisler, Esq., auditor. Before McDEVITT, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff. Defendant appealed.

*Error assigned* was decree, quoting it.

*Edward Davis,* for appellant.—Kelly was entitled to compensation: Consaul v. Cummings, 222 U. S. 262; Rugels v. Buckley, 175 Fed. 57; Zell's App., 126 Pa. 329; McCullough v. Barr, 145 Pa. 459; Eisenlohr's Est., 258 Pa. 432.

The court erred in sustaining the auditor's recommendation that all the costs be imposed upon the surviving partner: Gyger's App., 62 Pa. 73; Gordon v. Moore, 134 Pa. 486.

*Charles B. Ermentrout,* for appellee, was not heard.

PER CURIAM, April 9, 1923:

In 1916 Margaret Sheridan, the deceased, entered into a partnership in the rooming house business with George G. Karlavagn Kelly, the defendant, at 202 North Franklin Street, Philadelphia. Mrs. Sheridan died in 1918 and defendant continued the business for over two years

thereafter; meantime her executor and sole legatee filed this bill for an accounting. Despite defendant's denial, the trial court found the existence of a partnership and ordered him to file an account, which he did; and this appeal by him is from the dismissal of exceptions to the report of an auditor appointed to pass thereon. By stipulation filed, the parties agree to the facts as found by the auditor and the only question is, Do they sustain his conclusions and the court's decree based thereon? In our opinion they do. The auditor finds, inter alia, that the account was false in numerous particulars, that it claimed many credits to which accountant was not entitled and omitted to charge himself with many items for which he was liable, that he kept no proper system of accounts and even destroyed books and papers which would have aided the investigation. The result was an entirely different statement from that shown by the account as filed.

The auditor rightly held that defendant, as liquidating partner, was not entitled to compensation for his services (Zell's App., 126 Pa. 329; Brown's App., 89 Pa. 139; Brown v. McFarland's Exr., 41 Pa. 129; Beatty v. Wray, 19 Pa. 516; Williams v. Pederson, 17 L. R. A., N. S., 384 and note, p. 399), that he was acting in a fiduciary capacity, (Eisenlohr's Est. (No. 1), 258 Pa. 431) and the burden was on him to furnish vouchers or other proof of the credits claimed, in so far as they were challenged (Com. v. Monongahela Val. Bank, 239 Pa. 254; Runyeon v. Eaches, 79 Pa. Superior Ct. 272; Marvin v. Brooks, 94 N. Y. 71; Wootton Land & Fuel Co. v. Ownbey, 265 Fed. 91, 99), and that, inasmuch as the litigation was rendered necessary by his denial of the partnership and by filing an unjust and false account, he should pay the costs.

Defendant claimed a large credit for the services of a housekeeper, but as no such person was produced or identified, or the extent or value of her services shown, the claim was properly rejected; there is certainly nothing

on the facts as found to warrant its allowance. Furthermore, there was no exception filed before the auditor or in the lower court to its rejection, hence, it cannot be considered on appeal: Title & Trust Co. v. Bell, 188 Pa. 637; Black v. Black, 206 Pa. 116.

There are exceptional cases where a surviving or liquidating partner may be allowed for his services (McCullough v. Barr, 145 Pa. 459; Consaul et al., Administrators of Mayer v. Cummings, Administrator of Edmonds, 222 U. S. 262), but this is not one of them. The auditor gave the case very careful consideration and allowed defendant every credit to which he was fairly entitled.

The decree is affirmed and appeal dismissed at the cost of appellant.