## Kelley's Estate.

18

Argued April 15, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Carl A. Belin,* with him *W. A. Hagerty,* for appellants.—Proceeds derived from real property over and above all liens go to the heirs: McCoy v. Scott, 2 Rawle 221; Herron v. Stevenson, 259 Pa. 354; Oliver's App., 101 Pa. 299; Fidelity Ins. Trust Co. v. Sampson, 209 Pa. 214.

John Kelley, the executor, was not acting in his individual capacity.

The executor was the agent of the estate during the buying and selling of the Cape May property.

The law will presume that the executor was acting as agent for the heirs: Herron v. Stevenson, 259 Pa. 354; McCoy v. Scott, 2 Rawle 221; Guier v. Kelly, 2 Binn. 294.

If the executor was acting in his individual capacity, the law creates him a constructive trustee for the heirs: Fisk v. Sarber, 6 W. & S. 18; Connor v. Gibbons, 228

Pa. 617; Lusk's App., 108 Pa. 152; Meanor v. Hamilton, 27 Pa. 137, 143.

A purchaser must be free from fraud or attempt in any manner to prevent free and open competitive bidding: McDougal v. Bank, 265 Pa. 170; Fenton v. Joki, 294 Pa. 309, 314; Christy v. Sill, 95 Pa. 380.

Under the law of New Jersey the executor is a trustee.

*John C. Arnold,* for First National Bank of Irvona and other creditors, appellees, cited: Fidelity Ins. Trust Co. v. Sampson, 209 Pa. 214.

*Singleton Bell,* for Glenn H. Flickinger and other creditors, appellees, was not heard.

OPINION BY MR. JUSTICE SIMPSON, May 13, 1929:

Appellant's basic contention is that, although we know the law of New Jersey has developed along somewhat divergent lines, and is, in certain respects, essentially different from that of our own State, we must nevertheless presume, because of the absence of proof to the contrary, that there is a statute in New Jersey substantially the same as our Act of June 7, 1919, P. L. 412, which provides a limitation of one year for the lien of decedent's debts, as against his realty, unless an action has been brought to recover them within this period. It is not necessary to determine whether the general rule, thus invoked, is broad enough to sustain this contention, since we are of opinion the decree must be affirmed in any event; but those interested in the subject will find the matter carefully considered in an article by the present Chief Justice of this court in 2 Minnesota Law Review, page 1, reprinted in MOSCHZISKER'S Legal Essays, pages 85-100; in another article by Prof. Kales in 19 Harvard Law Review, page 401; and in a note to Cherry v. Sprague, 67 L. R. A., page 33.

When testator died he was hopelessly insolvent; which possibly explains why his will makes no gift of any part

of his estate, but simply appoints an executor. Without any action by or even knowledge of the executor, the mortgagee of a New Jersey property, owned by testator at the time of his death, foreclosed the mortgage; and, following the practice in that state, the New Jersey court ordered it to be sold by the sheriff. At the request of the executor, the sale was postponed for a time; but the property was finally sold and conveyed by the sheriff to a friend of the executor, who was acting for him, for the sum of $12,950, which was paid out of the executor's own funds, no one else having any interest therein. Later, it was resold by the executor and conveyed by the friend, to a third party, of whose willingness to buy the executor knew before the sheriff's sale. The net profits thus realized, without any deduction for expenses or compensation to either the executor or his friend, were included by the former in his account, and were distributed by the orphans' court pro rata to testator's creditors. From the decree of distribution, the widow appeals, claiming that the fund should have been awarded to her and testator's children, because the creditors—with the exception of one whose debt was subsequently paid by the sale of certain of testator's personalty, held as collateral security for it—had lost their liens on the property, inasmuch as they had not brought suit within a year after testator's death, as required by the Act of 1919, supra, in order to keep the liens alive. There are several reasons why this claim cannot be sustained, but we need specify one of them only.

At the time of the sheriff's sale the executor had no power or duty regarding the property, either by virtue of the will, or an order or decree of any court, and had not interfered with free bidding by third parties. He did not have money of the estate with which he could have paid the debt, or bid in the property; and, even if the fact were otherwise, he would have had no right to use it for the purpose, without the consent of all the creditors, or a decree of the court directing him to do so;

and he was under no obligation to ask for such consent or decree as to property located in another state or country. Appellant, who claims that she and her children were entitled to the equity in the property, freed of the claims of the general creditors, was the one who should have applied for such a decree, if she thought the court should so order; especially as she lived in the property and knew the time it was to be sold. The executor had not misled her or the children in any way, quoad this realty, and was under no obligation to them. Consequently, he had the right to purchase it, and any profit made or loss incurred on a resale belonged to or must be borne by him personally. A fortiori he had the right to include the profit actually made in his account, for the purpose, as he expressly declared, to have it distributed among testator's creditors, as was the normal effect of such inclusion and in fact resulted therefrom. He could have distributed it personally to them, and had no less a right to do it in this indirect manner.

In the absence of an order or decree of court, an administrator has nothing to do with such realty: Com. v. Coleman's Admr., 52 Pa. 468; Merkel's Est., 131 Pa. 584; Morrison's Est., 196 Pa. 80. Nor has an executor, unless there is a provision in the will imposing some duty upon him in regard to it: Appeal of Penna. Co. for Ins. on Lives and Granting Annuities, 168 Pa. 431, 432; Kreise v. Cartledge, 262 Pa. 55, 60. "If a trustee becomes the purchaser of property at public sale, brought about or in any manner controlled by him, he will be presumed to buy and hold for the benefit of the trust. But this rule does not apply where the trustee is without control over the sale and is not instrumental in bringing it about. In the latter case he may bid and become the purchaser of the property free from any trust on his part": MacDougall v. Citizens Nat. Bank, 265 Pa. 170, 173. To the same effect are Fisk v. Sarber, 6 W. & S. 18; Meanor v. Hamilton, 27 Pa. 137; Chorpenning's App., 32 Pa. 315; Hall's App., 40 Pa. 409, 414; Bruner

v. Finley, 187 Pa. 389; Reid v. Clendenning, 193 Pa. 406, and Connor v. Gibbons, 228 Pa. 617.

Of course, a different question would arise if the amount now being distributed had been a part of the purchase price bid at the sheriff's sale. In that event, still assuming the applicability of the presumption referred to in the first paragraph of this opinion, the widow and children would be entitled to it,—unless excluded for the other reasons which we have not herein considered—because it is expressly so provided by section 15 (j) of the Fiduciaries Act of June 7, 1917, P. L. 447, 478.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.