Lee *v.* Dahlin, Appellant.

Argued November 12, 1959. Before Jones, C. J., Bell, Musmanno, Jones, Cohen, Bok and McBride, JJ.

reargument refused May 4, 1960.

*W. Albert Ramey,* for appellant.

*Frank G. Smith,* with him *William V. Smith,* and *Smith & Smith,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 15, 1960:

Dahlin Bros. Coal Mining Company was a partnership owned by A. Vern Dahlin and George T. Dahlin, which mined coal in Clearfield County. At the death of George T. Dahlin on May 31, 1951, the partnership was dissolved, but A. V. Dahlin, the surviving partner continued to operate the mine for eighteen months, after which time he gradually began to liquidate the partnership. A. V. Dahlin died on January 8, 1956, and because the partnership still had not been fully liquidated, a receiver was appointed.

The receiver filed a complaint in equity against the Estate of A. V. Dahlin for a full accounting of the partnership affairs and liquidation from the date of the death of the first deceased partner. The administrator of the estate filed a partial accounting which was not satisfactory and the court directed the receiver to investigate and make a report. After the receiver filed his account and the court below filed an adjudication to which exceptions were made, a decree was entered finding the estate liable to the receiver for $7,221.44. This is an appeal by the administrator of the estate from this final decree.

The appellant contends that the A. V. Dahlin estate is entitled to credit for payment of a bank overdraft which existed at the time of the first partner's death in 1951. There was a great deal of confusion as to what bookkeeping method was employed by the partnership—cash or accrual; however, this is of no import since the real issue is what money was legitimately received and spent by A. V. Dahlin. Appellant produced no testimony or proof as to this overdraft. The burden is on the liquidating partner or his estate to furnish proof of any credits claimed, *Leary v. Kelley,* 277 Pa. 217, 120 Atl. 817 (1923), and this was not done. Unfortunately the appellant did not file exceptions to the court's adjudication which disallowed the overdraft as

a credit, and hence we are without the benefit of the lower court's observations on this point. However, we see no reason why its determination should be disturbed.

. The appellant next contends that A. V. Dahlin was entitled to compensation as a surviving partner. The Uniform Partnership Act of March 26, 1915, P. L. 18, Part IV, §18(f), 59 PS §51, provides that a partner is not entitled to compensation "except that a surviving partner is entitled to *reasonable* compensation for his services in winding up the partnership affairs." (Emphasis supplied). At common law in Pennsylvania a liquidating partner was entitled to compensation only for *extraordinary* services performed in the liquidation. In *Murdock v. Murdock,* 300 Pa. 280, 289-90, 150 Atl. 599 (1930), the court held that "though partners, in the absence of special agreement, receive no compensation, yet 'a surviving partner is entitled to reasonable compensation for his services in winding up the partnership affairs.'" There is no question that ordinarily A. V. Dahlin would have been entitled to some compensation; however, on the facts of this case, he has forfeited this right. A surviving partner is in a fiduciary capacity as regards the estate of his deceased partner. *Bracht v. Connell,* 313 Pa. 397, 170 Atl. 297 (1933). Since the death of one partner leaves the survivor in a position of absolute control with only the duty to account, it is apparent that the survivor must proceed with utmost caution and use the highest degree of care in the liquidation of the partnership. This was not done. There is ample evidence on the record that A. V. Dahlin, after the death of George Dahlin, took a truck belonging to the partnership for which he failed to account; used partnership funds for personal expense and failed to account to George Dahlin's estate even after a lapse of approximately five years. A trustee who breaches his fiduciary duty with a resultant loss

to the estate forfeits his rights to compensation, *Groll-man's Estate (No. 2)*, 273 Pa. 565, 117 Atl. 351 (1922). For this reason it is evident that A. V. Dahlin was not entitled to the monies which he withdrew from the partnership as compensation, and the final decree of the court below requiring its return is correct.

Decree affirmed at appellant's cost.