Ellis *v.* Ellis, Appellant.

Argued April 21, 1964.  Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Herbert A. Fogel*, with him *David F. Maxwell*, and *Obermayer, Rebmann, Maxwell & Hippel*, for appellant.

*William White, Jr.*, with him *David C. Toomey*, and *Duane, Morris & Heckscher*, for appellees.

*Abraham L. Shapiro*, with him *Norman C. Henss*, for co-executors, appellees.

*Theodore Voorhees*, in propria persona, with him *Arthur C. Dorrance, Jr.*, and *Dechert, Price & Rhoads*, for guardian and trustee ad litem, intervenor.

Opinion by Mr. Justice Cohen, September 29, 1964:

The principal issues here on appeal are (1) whether, upon the death of a partner, jurisdiction over a proposed sale of partnership assets to the surviving partners is exclusively in the orphans' court and (2) whether prior orphans' court approval is necessary for such a sale where the surviving partners are also co-executors of the deceased partner's estate.[1]

The A. M. Ellis Hosiery Company and the Chester Pike Drive-In Theatre Company were operated as partnerships-at-will under an oral partnership agreement. The partners in each were appellees Martin Ellis (Martin) and Sidney Ellis (Sidney), appellant Herman Ellis (appellant), and their father, Abraham M. Ellis (Abraham), each of whom owned a 25% interest. Abraham died in 1961, but the partnerships have not as yet been terminated. The co-executors under Abraham's will are appellee Ruth B. First (his daughter), appellee Sylvan M. Cohen (his attorney), and Herman, Martin and Sidney (his sons and former partners).

Following the death of Abraham, animosity developed between appellant and appellees Martin and Sidney. As a result Martin and Sidney filed bills in equity[2] in common pleas court asking that court to enter a decree of dissolution of the partnerships and to decree and supervise a restricted auction of all of the partnerships' assets with bidding limited to the parties holding partnership interests. Appellant filed

---

[1] Appellant, in his preliminary objections (para. 3 of petition raising questions of jurisdiction), conceded that common pleas jurisdiction was proper, and argued only that prior orphans' court approval was required. However, this does not preclude him from here questioning the subject matter jurisdiction. See *Drummond v. Drummond*, 414 Pa. 548, 200 A. 2d 887 (1964).

[2] These bills named appellant individually and the Estate by all five co-executors as defendants. See footnote 7.

preliminary objections in his individual capacity and as co-executor which challenged the jurisdiction of common pleas to direct the sale, and which additionally asserted that prior permission of the orphans' court must be obtained before common pleas can permit either the purchase of estate assets by executors or a sale thereof at restricted auction. These preliminary objections were dismissed and this appeal followed.[3]

Appellant contends that Martin and Sidney here seek a distribution of assets of Abraham's estate and that jurisdiction thereover is exclusively in the orphans' court by virtue of §301(1) of the Orphans' Court Act, Act of August 10, 1951, P. L. 1163, as amended, §301(1), 20 P.S. §2080.301(1). While we agree that distribution of an estate is exclusively in the orphans' court, this rule has no application here for (1) the assets sought to be sold do not include estate assets but are all assets of the partnerships, and (2) the relief Martin and Sidney seek is not distribution of assets but dissolution and winding up of partnerships and an accounting of the surviving partners' interests therein as well as that of the deceased partner. There can be no question of the jurisdiction of common pleas over these matters.[4]

First, it is clear that the assets involved in the proposed sale do not include assets of Abraham's estate. During his lifetime, the right of a partner in specific partnership property is limited. The Uniform Partnership Act[5] (hereafter the Act) provides that

---

[3] This interlocutory appeal challenging the jurisdiction of the court below is permitted by the Act of March 5, 1925, P. L. 23, §§1-4, 12 P.S. §§672-675. See *Drummond v. Drummond*, 402 Pa. 534, 538, 167 A. 2d 287, 290 (1961).

[4] See Act of June 16, 1836, P. L. 784, §13, 17 P.S. §§281(V), 282(I); Act of October 13, 1840, P. L. (1841) 1, §19, 17 P.S. §284.

[5] Act of March 26, 1915, P. L. 18, §§1-46, 59 P.S. §§1-105, hereafter cited as UPA with references to section numbers of Purdon's Penna. Statutes Annotated.

a partner may not possess specific partnership property for other than partnership purposes without the consent of his partners; neither may he individually assign that right of possession, nor is that right subject to dower and curtesy. UPA §§72(2)(a), (b), 72(2)(e). In addition, specific partnership property may not be made subject to attachment or levy for the individual debt of a partner although a partner's judgment creditor may subject that partner's share of profits to the lien of a charging order. UPA §§72(2)(c), 75; *Shirk v. Caterbone,* 201 Pa. Superior Ct. 544, 193 A. 2d 664 (1963).

At the death of a partner, not only does his estate acquire no greater right in specific partnership property than the decedent had during his lifetime, but the above limited right which the partner had in such property during his lifetime is vested at his death in his surviving partners and not in his estate. UPA §72(2)d. Further, where a partner dies and the business is continued without a settlement of accounts, as in the case at bar, the Act specifically limits the estate to (1) *ascertainment* of the "*value* of [decedent's] interest[6] at the date of dissolution" and (2) *receipt* "as an ordinary creditor [of] an amount equal to the *value* of [decedent's] interest. . . ." UPA §104. (Emphasis supplied). Hence, since the estate has no right in specific partnership assets, the subject matter of the sale cannot be denominated as estate assets. There is, therefore, no property upon which orphans' court jurisdiction can attach.

Secondly, the very essence of the relief sought by Martin and Sidney and the immediate result thereof is settlement of the liabilities of the partners inter

---

[6] The interest here referred to means the interest in the partnership under §§71(2), 73—an interest in profits and surplus which can be ascertained only by an accounting—and not a right to specific partnership property under §§71(1), 72.

se, and determination of the value of the partnership in toto and the value of the estate's share therein. Therefore, the relief actually prayed for is not distribution of assets but dissolution of partnerships and the accompanying accounting and winding up,[7] over which common pleas has full jurisdiction.

Appellant's claim of orphan's court jurisdiction is premature. The ascertainment of the value of the estate's individual share through accounting and the production of the means of payment for that value through winding up—the very procedures for satisfying the estate's only two rights under UPA §104—are here the sole means for generating an estate asset. When payment is made to the estate,[8] then, for the first time, an asset of the estate distinct from partnership assets is generated.[9] It is this estate asset which is subject to distribution under orphans' court jurisdiction. Until payment is made to the estate, ordinary partnership liquidation, dissolution and accounting are in issue and common pleas has jurisdiction thereover.[10]

---

[7] We question whether the Estate is a necessary party to the winding up since decedent's right in specific partnership property vested exclusively in the surviving partners at his death (UPA §72(2)(d)), and the right and duty to wind up affairs on dissolution was placed in these surviving partners (UPA §99). Good practice would, however, require notice to the Estate.

[8] Appellant apparently confuses this payment to the estate with a distribution of estate assets. Only the latter is properly the subject of orphans' court jurisdiction.

[9] Until the time of payment, the estate has only the rights afforded in accordance with the provisions of the UPA. As noted above, these rights do not include a right to specific partnership assets.

[10] See *Blumenthal's Estate*, 227 Pa. 268, 75 Atl. 1075 (1910); *DeCoursey's Estate*, 211 Pa. 92, 60 Atl. 490 (1905); *Estate of Charles B. Miller*, 136 Pa. 349, 353, 20 Atl. 565 (1890); *Volpe Estate*, 50 Luz. L. Reg. Rep. 155, 10 Fid. Rep. 262 (1960).

Appellant's additional contention is that prior orphans' court approval is necessary for the purchase of estate assets by executors by virtue of §546 of the Fiduciaries Act, Act of April 18, 1949, P. L. 512, as amended, §546, 20 P.S. §320.546. We do not agree. The application of that section of the Fiduciaries Act is specifically limited to "property belonging to the estate." The above described nature of the subject matter of the proposed sale demonstrates that the Estate has no specific property interest therein. The subject matter of the proposed sale is the totality of the assets of the partnerships. The requirements of §546 of the Fiduciaries Act are therefore inapplicable.

Appellant expresses the fear that a restricted auction will produce an inadequate price as a result of his inability to effectively bid against the combined forces of his co-executors. However, the terms and method of sale, whether by restricted auction or otherwise, are subject to determination not by his co-executors but by the court of common pleas, from which determination appellant may appeal. Appellant is further protected from abuse by his co-executors for they serve in two fiduciary capacities—first as partners under UPA §54 and secondly as executors. Should the execution of the sale by the co-executors raise doubt as to the discharge of their fiduciary duties, the remedy of surcharge is available to appellant.

The order of the lower court dismissing appellant's preliminary objections is affirmed, at appellant's costs.

---

CONCURRING AND DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I believe that certain important facts have been overlooked, hence this Opinion.

Abraham M. Ellis formed a partnership with his three sons, Martin and Sidney who are plaintiffs and appellees, and Herman who is one of the defendants and the appellant herein. Abraham was the owner of an undivided one-fourth interest in the partnership. Abraham died and appointed his sons, Martin, Sidney and Herman and also his daughter Ruth, and his counsel, Sylvan M. Cohen, executors of his will. Testator's sons had a "falling out." Although the record is not clear, it would appear that Martin and Sidney thereafter filed a bill in equity in three different Courts in Philadelphia. In each, they asked the Court to restrict the sale to the partners themselves—a prayer which it is difficult to imagine any Court would order or approve.

Herman, who we repeat is a defendant, co-executor and the appellant herein, contends (1) that the Common Pleas Court has no jurisdiction of the matter and (2) that *prior approval of the Orphans' Court* is necessary to permit any of the co-executors to bid at the sale, or to purchase at such sale the partnership assets *in their individual capacity,* even though the decedent Abraham had only an undivided one-fourth interest therein.

With respect to appellant's first contention, I agree with the majority that the Court of Common Pleas sitting in Equity, and not the Orphans' Court, has jurisdiction of a sale of partnership assets. The Act of June 16, 1836, P. L. 784, §13, 17 PS §282(1), clearly and specifically gives to the Court of Common Pleas of Philadelphia "the power and jurisdiction of courts of chancery, so far as relates to: I. The supervision and control of partnerships, . . ."

I agree with the majority that §546 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.-546, is inapplicable. That Section relevantly provides, "The personal representative *in his individual*

*capacity** may bid for [and] purchase . . . real or personal property *belonging to the estate,* subject, however, to the approval of the Court, and under such terms and conditions as it shall direct . . . ." I believe that this Section, considered as a whole—and especially taking into consideration the comment to §546, which was made by the Joint State Government Commission—does not cover or include a sale of partnership assets which is conducted under the jurisdiction and supervision of the Court of Common Pleas,—even though as here the decedent owned an undivided interest therein. The property being sold (as the majority point out) is not *property belonging to the estate of the testator.*

With reference to jurisdiction of the Orphans' Court, *Freihofer Estate,* 405 Pa. 165, 174 A. 2d 282, pertinently said (pages 167, 168) : ". . . The Orphans' Court has exclusive jurisdiction of decedents' estates, of testamentary fiduciaries and their control, removal, discharge and surcharge and, of course, their administration and their accounts, and also of certain enumerated inter vivos trusts and, under certain circumstances, the title to personal property . . .

" 'In Rogan Estate, supra, the Court said (page 140) : " 'This section [Article III, §301]** considerably broadened the scope of the court's jurisdiction and jurisdiction now exists where the following situations arise: (1) If the personalty was in decedent's possession, actually or presumptively, at the time of death; (2) if the personalty came into the possession of decedent's personal representative subsequent to his death; (3) if neither (1) nor (2) exist, but if the personalty was "registered" in the name of decedent or his nominee [or in the name of decedent and/or

---

* Italics throughout, ours.

** Of the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.301 et seq.

other persons]; (4) if there is an allegation by the personal representative that the personalty was in possession of the decedent when he died.' " '

"The Orphans' Court is also granted by statute all legal and equitable powers required for or incidental to the exercise of its jurisdiction.

"While it has often been said that the Orphans' Court is a Court of Equity, it is more accurate to say that 'in the exercise of its limited jurisdiction conferred entirely by statute, it applies the rules and principles of equity.' Williard's Appeal, 65 Pa. 265, 267. Main's Estate, 322 Pa. 243, 247, 185 A. 222. See also: Webb Estate, 391 Pa. 584, 138 A. 2d 435."

It is clear, therefore, that the Court of Common Pleas and not the Orphans' Court has jurisdiction of the sale of partnership assets, even though a decedent owned a fractional interest therein.

With respect to appellant's second contention that prior approval by the Orphans' Court must be obtained, there is a rule which I believe is in principle relevant and applicable in this case—namely, the general rule which is aptly stated in *Kelley's Estate*, 297 Pa. 17, 21, 146 A. 260: ". . . 'If a trustee becomes the purchaser of property [i.e., the real property of decedent] at public sale, brought about or in any manner controlled by him, he will be presumed to buy and hold for the benefit of the trust. But this rule does not apply where the trustee is without control over the sale and is not instrumental in bringing it about. In the latter case he may bid and become the purchaser of the property free from any trust on his part': Mac-Dougall v. Citizens Nat. Bank, 265 Pa. 170, 173."[*]

While these cases and this rule are not directly in point, the wise and equitable principle which they

---

[*] See also to the same effect, cases cited therein and *Strickler's Estate*, 328 Pa. 145, 150, 195 A. 134.

enunciate should be applied in this case. Martin and Sidney are both plaintiffs and defendants—in the latter instance, in their capacity as co-executors. In an action which has been brought by them as partners or individually against themselves as co-executors, they are in effect suing themselves. In this action they seek the right to purchase the partnership assets *in their individual capacity.* There is an obvious and great conflict of interest in this proposed sale. While technically, no prior approval of the Orphans' Court is necessary, and a sale could be set aside by appropriate proceedings in the Court of Common Pleas or a claim for surcharge could be presented in the Orphans' Court if fraud or collusion occurred, I believe that these are not adequate remedies. The facts and circumstances are so very unusual that I believe it is equitable, wise and necessary to secure the prior approval of the Orphans' Court to all the executors to bid and purchase the partnership assets *in their individual capacity,* even though the sale of partnership assets is conducted by and under the Order of the Court of Common Pleas, and even though eventually all of the fiduciaries will have to account in the Orphans' Court for Abraham's interest.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

It is clear that upon the death of Abraham M. Ellis on September 1, 1961, the partnerships which existed between him and his three sons (each partner having a 25% interest) were dissolved. Paragraph eleven of each of the complaints recognizes the termination of the partnerships by reason of the death of the co-partner. Dissolution of a partnership by death of a co-partner is the undisputed mandate of Section 31 of the Uniform Partnership Act, March 26, 1915, P. L. 18, 59 P.S. §93(4), which states: "Dissolution is caused

. . . by the death of any partner . . . ." The partnerships pleaded in the complaints already had been dissolved by operation of law. *Froess v. Froess,* 284 Pa. 369, 131 Atl. 276 (1925).

There was, therefore, no need for two of the decedent's former partners (his sons and co-executors of his estate) to request equity "to enter a decree of dissolution of the partnerships and to decree and supervise a restricted auction of all of the partnerships' assets with bidding limited to the parties holding partnership interests."[1] Moreover, the surviving partners had the affirmative duty upon the death of the partner-father to wind up the affairs of the partnerships and to account to the estate of the deceased partner. *Spivak v. Bronstein,* 367 Pa. 70, 79 A. 2d 205 (1951); *Froess v. Froess,* supra.[2]

The complaints which purport to seek dissolution, in reality, do not do so. They seek, rather, equity's decree approving acquisitions by appellees of their deceased father's interests in the partnerships. That this is the real substance of the complaints is made obvious by the requests that the sale of assets be limited to the parties holding partnership interests. Thus, appellees seek equity's direction and approval to limit the participants in the proposed transaction to themselves and appellant, their brother-co-fiduciary. While the propriety of granting this unusual request is not before us at this time, the request itself is evidence that what is primarily sought is the purchase of decedent's interests rather than the dissolution of the partnerships. If, two years after the death of their father, two of the three surviving former partners contem-

---

[1] From the opinion of the majority.

[2] In addition, "it is apparent that the survivor must proceed with utmost caution and use the highest degree of care in the liquidation of the partnership." *Lee v. Dahlin,* 399 Pa. 50, 52, 159 A. 2d 679, 681 (1960).

plated only a sale of partnership assets, I can see no need to petition the court for dissolution.[3]

While it is the general rule that the estate of a deceased partner has no right to specific partnership property, it does not follow that, in this instance, prior approval of the orphans' court is not essential to appellees' authority to purchase at the sale contemplated by these complaints. Section 546 of the Fiduciaries Act, April 18, 1949, P. L. 512, 20 P.S. §320.546, requires that such approval be obtained by a fiduciary who desires to bid for and purchase property of the estate.

The circuitous method by which it is sought to avoid the requirements of the Fiduciaries Act should not be approved.

I dissent.

---

[3] Nothing has been alleged which brings this matter within Section 32 of the Uniform Partnership Act, 59 P.S. §94, entitled "Dissolution by decree of court."