Rybak Estate.

Argued January 11, 1967. Before BELL, C.J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*C. William Freed, Jr.*, with him *Freed and Freed*, for appellant.

*Claire G. Biehn*, with him *Biehn and Thatcher*, for appellee.

OPINION BY MR. JUSTICE JONES, March 14, 1967:

Eva Rybak, (decedent), a Bucks County resident, died, intestate, on May 7, 1964, survived by her husband and three adult children. No letters of administration in her estate have been requested or issued.

On November 29, 1965, Mary Rybak, decedent's daughter, (claimant), proceeding under the Fiduciaries Act of 1949, §§202, 212,[1] petitioned the Orphans' Court of Bucks County alleging: (a) decedent had resided with claimant from 1956 until her death and that the $1000 family exemption was payable to claimant; (b) decedent's sole assets at the time of her death consisted of (1) U.S. Government bonds valued at $1,041.08 and (2) bank accounts in the names of decedent and claimant, as joint tenants with right of survivorship, totalling $4,419.29; (c) that claimant had paid decedent's funeral and medical expenses and other debts, including the Pennsylvania inheritance tax; (d) decedent's entire estate was less than $2500. The prayer of the petition[2] was that the court direct distribution to the claimant of the U. S. Government bonds in payment of the family exemption and as a partial reimbursement to claimant of decedent's debts paid by her.

---

[1] Act of April 18, 1949, P. L. 512, §202, as amended by the Acts of February 23, 1956, P. L. (1955) 1084, §2 and November 10, 1959, P. L. 1450, §1, 20 P.S. §320.202 and of April 18, 1949, P. L. 512, §212, 20 P.S. §320.212. Section 202 provides for the settlement of small estates of a gross value not exceeding $2,500 whereas §212 provides for the payment and delivery of the so-called "family exemption".

[2] Decedent's husband and one of her two sons joined in this petition.

William Rybak, Jr., one of decedent's surviving sons, (exceptant), filed exceptions to the claimant's petition alleging that, in addition to the assets set forth in the petition, claimant was indebted to the decedent in an amount in excess of $11,000 and, therefore, decedent's estate could not be settled by a petition under the Fiduciaries Act of 1949, supra, §§202, 212 but only after a proper administration of the estate. The Orphans' Court of Bucks County took testimony and, after the taking of such testimony, granted the prayer of claimant's petition, overruled the exceptions filed thereto and directed distribution of the U. S. Government bonds to claimant as a family exemption and on account of her claim as a preferred creditor of decedent's estate. From that decree the present appeal was taken.

Even though the court below actually determined this matter on its merits, the court noted that it neither approved nor sanctioned the procedure adopted. The court below further noted: (1) that, if it were to uphold the exceptions and deny claimant's petition, such action as a practical matter would accomplish nothing toward the actual collection of the alleged loan for the benefit of decedent's estate and would only result in repetitious litigation; (2) that, if the exceptions were not upheld and the prayer of the petition granted, other parties in interest, such as possible creditors, in decedent's estate would not be bound by the court's determination and its action as to them would be interlocutory. Nevertheless, the court decided the matter on its merits and ruled that, if decedent had made a loan to claimant, such loan would be barred by the statute of limitations.

A brief recitation of the factual background from which the alleged indebtedness arose is essential. Some years prior to decedent's death, decedent and her husband had separated. On October 12, 1955, she and her husband had entered into a written property settle-

ment under the terms of which the family farm was to be sold and the proceeds divided equally between decedent and her husband, the farm equipment, livestock, etc., were to be sold and the proceeds divided equally between decedent, her husband and their three children and decedent and her husband mutually agreed to release their respective interests in each other's estate. On February 14, 1956, claimant purchased the farm property for $11,500 and exceptant contends that decedent loaned claimant the money to effectuate the purchase of the farm and that, shortly after the family settlement, claimant acknowledged this indebtedness but had never repaid the loan. Thereafter, decedent lived on the farm with claimant until she died.

Initially, we must inquire into the *jurisdiction* of the Orphans' Court to entertain this proceeding. Of course, the court below had jurisdiction to entertain the petition for family exemption and for the distribution of decedent's assets without administration. However, the exceptions filed raised an entirely different issue before the court, i.e. the existence of a debt allegedly owed to the estate and, if such debt did exist, its present validity. To pass upon that issue did the court below have jurisdiction?

Nine decades ago, in *Appeal of the Harrisburg National Bank,* 84 Pa. 380, 384, 385 (1877), Mr. Justice (later Chief Justice) SHARSWOOD stated: "It may be very clear that under the laws of Pennsylvania this fund belongs to the administrator. If so, it is simply a debt due to the estate. But what Act of Assembly has given the Orphans' Court jurisdiction to determine that question, and order the debtor to pay the administrator or to pay into court—an order, of course, to be enforced by attachment or execution? . . . It may be readily conceded, that the Orphans' Court has all the power of a court of equity in regard to matters clearly within its jurisdiction. But the question recurs, was

this a matter clearly within its jurisdiction? In the settlement of the administrator's account, they certainly could decide that this was an asset of the estate which the administrator ought to have collected, and if he had negligently lost it, could surcharge him with the amount. But surely it could not cite the debtor and enter a decree or judgment against him. That would be to draw into [the Orphans' Court] . . . the trial and determination of all claims by decedents' estates against third person. . . .". In *McGovern's Estate*, 322 Pa. 379, 186 A. 89 (1936) this Court held that the Orphans' Court has no jurisdiction to compel a third person, not associated with the administration of the estate, to pay over money or property in the possession of the third person to the estate where the money or property was not in the decedent's possession when he died, or subsequently in the possession of decedent's representative and that, under such circumstances, decedent's personal representative must seek his remedy by action at law or in equity. See also: *Brown's Estate*, 343 Pa. 230, 22 A. 2d 821 (1941) ; *Moreland Estate*, 351 Pa. 623, 632, 42 A. 2d 63 (1945).

The Orphans' Court Act of 1951, as amended, (Act of August 10, 1951, P.L. 1163, §301, as amended, 20 P.S. §2080.301 (1), (13), gives to the Orphans' Court not only exclusive jurisdiction of the "administration and distribution of the real and personal property of decedent's estates" but also the "adjudication of the title to personal property in the possession of the personal representative, or registered in the name of the decedent or his nominee, or alleged by the personal representative to have been in the possession of the decedent at the time of his death." See: *Webb Estate*, 391 Pa. 584, 586, 587, 588, 138 A. 2d 435 (1958) ; *Trout v. Lukey*, 402 Pa. 123, 126, 127, 166 A. 2d 654 (1961) ; *Ellis v. Ellis*, 415 Pa. 412, 417, 203 A. 2d 547 (1964). The factual situation presented in the

case at bar indicates that the debt alleged to be owed to the estate falls in none of the several categorical situations over which the Orphans' Court is vested with exclusive jurisdiction by statute. Moreover, the factual situation is not one where the statute gives the Orphans' Court concurrent jurisdiction: Orphans' Court Act of 1951, as amended, supra, §302, 20 P.S. §2080.302.

That this question of jurisdiction was not raised in the court below is of no moment for such question may be raised for the first time at the appellate level. See: *Patterson's Estate*, 341 Pa. 177, 19 A. 2d 165 (1941) and authorities therein cited.

In the factual posture in which this matter was presented the court below before it could pass upon the claimant's petition had to resolve the question whether the claimant was indebted to the estate. Since jurisdiction to determine the existence or validity of a debt allegedly due to the estate was not in the Orphans' Court[3] the court below exceeded its jurisdiction in determining that claimant was not a debtor of the estate.[4]

While we sympathize with the court below in its desire to expedite the disposition of this matter, unfortunately, the procedure adopted led to an excession of jurisdiction by the court and the record must be remanded to the court below. Determination of claimant's petition must await resolution of the issue whether

---

[3] The right to a trial by jury is involved in this jurisdictional question.

[4] Whether or not the court below properly applied the statute of limitations is not before us in view of the court's lack of jurisdiction to determine the validity of the debt in the first instance. Upon the subject of the statute of limitations, see: Fiduciaries Act of 1949, Act of April 18, 1949, P. L. 512, §606, 20 P.S. §320.606; *Logan Estate*, 11 Fiduciary Rep. 81 (1960); *Deardorff's Estate*, 26 York 206 (1913).

the claimant was indebted to the estate and such question must be resolved in a tribunal other than the Orphans' Court.

Decree vacated and the record remanded to the court below for proceedings consonant with the views expressed in this opinion. Each party pay own costs.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent from the majority's decision because I believe it has misconceived the jurisdictional issue involved in this case. While I believe that the majority is correct in its conclusion that the orphans' court has no jurisdiction to entertain an action to recover a debt claimed by a decedent's estate against another, that is not what the orphans' court decree necessarily entailed here. The effect of a decree such as the one below is to distribute the assets of a small estate without requiring the formality of a complete administration. Thus there is no reason why the determination by the court below that the debt claimed by appellant was not owing to the estate either insulates the alleged debtor from further legal action or prevents the appellant*, or any other proper person, from taking out letters and then proceeding against the debtor in the name of the estate.

The majority's holding is not compelled by the *Harrisburg Nat'l Bank, McGovern, Brown* or *Moreland* case relied upon by it. Each of those cases, as the majority's quotations suggest, merely rejects the contention that the orphans' court has jurisdiction to enter a decree actually compelling a debtor to pay moneys allegedly owed to an estate. That being so, I see no legal necessity or other reason why the orphans'

---

* I believe the court below was incorrect when it expressed the view that its order would, by virtue of res judicata principles, prevent appellant from prosecuting an action to recover the debt as representative of the estate.

court should not be held to have jurisdiction to resolve the instant question, where such resolution is so clearly ancillary to and implicit in statutorily granted power. To decide that the administration of small estates may be frustrated by the mere prima facie claim of a debt owed the estate will not, in my view, be in the interests of efficient judicial administration.

Mr. Chief Justice BELL joins in this dissenting opinion.