## Meek Estate

*Roger W. Hager*, for appellant.

*Wilbert H. Beachy, Jr.*, for Commonwealth.

COFFROTH, P. J., February 2, 1971.—This is an appeal by the executrix of the estate from the Commonwealth's assessment of inheritance tax upon the partnership interest of decedent in Meek Funeral Home appraised at $45,000.

The challenge is not to the amount of the valuation

but to its taxability, on the ground that the sum involved is exempt life insurance proceeds. The Commonwealth contends that the item is not life insurance proceeds, but is the taxable value of decedent's partnership interest.

During his lifetime, decedent was engaged with his brother, Marlin G. Meek, in the operation of a funeral home known as Meek Funeral Home, a partnership. The partners made a written agreement dated May 1, 1965, to which the partners and their wives were parties. It is not a general partnership agreement, but concerns solely the rights and liabilities of the parties at the death of a partner. It obligates the surviving partner to purchase the interest of the deceased partner and obligates the deceased partner's estate to sell that interest to the survivor; it provides for the carrying by each partner of $45,000 of life insurance, plus double indemnity for accidental death, upon the life of the other, payable to the wife of the insured partner as primary beneficiary and to his issue as contingent beneficiary; it requires payment of all premiums by and grants all incidents of policy ownership to the policy owner, not the insured; it provides that all policy proceeds shall be paid to the beneficiary and states that:

"Such payment shall be deemed equivalent to the full purchase price of said survivor's share of decedent's interest in said partnership."

It requires the executrix, in consideration of the insurance proceeds, to convey and transfer to the surviving partner the partnership interest of the deceased partner and the wife parties agree to accept the insurance proceeds "in lieu of an interest in the partnership or its assets." It provides that the policies of insurance on the life of the survivor belong to the estate of the deceased partner subject to the right of

the survivor to purchase them at cash surrender value. The agreement recites as its purposes the creation of a reciprocal buy-sell obligation at the death of a partner and the use of life insurance to fund the purchase. Following decedent's death, policy proceeds amounting to $45,000 were paid to decedent's widow as provided in the policies and in the contract, and the executrix transferred and conveyed decedent's partnership interest to the surviving partner.

Section 303 of the Inheritance Tax Act, 72 PS §2485-303, provides that: "All proceeds of insurance on the life of decedent, unless payable to the estate of the decedent, are exempt from inheritance tax." There is no doubt that the money proceeds of the policy in the amount of $45,000 paid to Eunice B. Meek at the death of her husband were exempt from inheritance tax. The Commonwealth does not challenge that proposition; rather it contends that it has not assessed any tax against the insurance money but only against the transfer of decedent's partnership interest which is not exempt.

Counsel for appellant urges us not to approach this case legalistically, but to regard this tax as one upon exempt life insurance proceeds which are a favorite of the law. However, we must apply the very legalistic provisions of the Inheritance Tax Act of 1961 which imposes the tax on certain *"transfers"* of property at or by reason of death, and we must determine whether there was such a taxable transfer of decedent's interest in the partnership. Moreover, in opposition to appellant's view that the life insurance exemption is to be favored, we are also confronted with the well-settled proposition of law that tax exemptions are not favored in the law and must be strictly construed: 46 PS §558(5). As we see it, we need have no

resort to such canons here. It must be remembered that the inheritance tax is not a tax on property or on persons, but a tax on the privilege of inheritance: Super Estate, 428 Pa. 476; Wright Estate, 391 Pa. 405, 409. Therefore, the tax is levied upon certain *transfers* of property: 72 PS §2485-201. We have only one question to ask and answer in this case: Was there a transfer at the death of Edgar Meek of his interest in the partnership separate and distinct from the insurance proceeds? If not, the assessment is invalid; if so, there being no exemption for it, the transfer is taxable.

The Inheritance Tax Act defines the term "transfer" as including "the passage of ownership of any property, or any interest therein or income therefrom, in possession or enjoyment, present or future in trust or otherwise": 72 PS §2485-102(22). The term "property" is defined in the act as including "all real property and all tangible personal property of a resident decedent or transferor having its situs in Pennsylvania" and "all intangible property of a resident decedent or transferor": 72 PS §2485-102(17)(i)(ii). The term "transferee" means "any person to whom a transfer is made, and includes legatees, devisees, heirs, next of kin, grantees, beneficiaries, vendees, assignees, donees, surviving joint tenants and insurance beneficiaries": 72 PS §2485-102(23). It should be noted that although legal title to personal property passes at death to the personal representative (20 PS §320.103), in trust for creditors and beneficiaries, Abbot v. Reeves, 49 Pa. 494; Davies' Estate, 146 Pa. Superior Ct. 7; 31 Am. Jur. 2d, Executors and Administrators §2), the transferee for inheritance tax purposes is the beneficial owner not the fiduciary under the section above quoted; in shorthand language, we say that the transferee is the estate, which embraces all interests in the property.

The assets of Meek Funeral Home at Edgar's death consisted of real property and of tangible and intangible personalty situated in Pennsylvania; but Edgar's interest in the whole was personal property: 59 PS §73. The partnership property was owned by the two partners during their lifetimes as tenants in partnership, subject to disposition after death in accordance with the provisions of the partnership agreement; a question originally raised by appellant concerning the ownership and taxability of a joint bank account alleged to have been a partnership account has been withdrawn from consideration.

In the absence of a partnership agreement to the contrary, a partner's property rights are (1) his rights in specific partnership property, (2) his share of profits and surplus which is personal property, and (3) his right to participate in the management: 59 PS §71, 73. At death, the partnership is dissolved, 59 PS §93, 4, and the business continues until the winding up of its affairs is completed: 59 PS §92. At death, the deceased partner's property rights are disposed of as follows: his right to participate in the management expires with his death, his right in specific partnership property passes by operation of law to the surviving partner by right of survivorship which is an incident of a tenancy in partnership: 59 PS §72(d); Ellis v. Ellis, 415 Pa. 412, and his share of profits and surplus referred to as his interest in the partnership (59 §71, 73), and which is intangible personal property, passes to his estate.

The deceased partner's right in specific partnership property which passes to the surviving partner does not vest beneficial title in the surviving partner in the absence of a contrary agreement; the surviving partner is entitled to possess the property only for a partnership purpose, 59 PS §72(d), which is to wind up and liquidate the affairs of the partnership

(59 PS §99) and to make distribution of the net amount due each partner (59 PS §100, 1; 59 PS 105); in such case, the surviving partner is a trustee of the partnership property as regards the estate of the deceased partner: Lee v. Dahlin, 399 Pa. 50; Spivak v. Bronstein, 367 Pa. 70; Froess v. Froess, 289 Pa. 69, 72; Froess v. Froess, 284 Pa. 369; Grim Appeal, 105 Pa. 375, 382. The beneficial interest of the estate of the deceased partner is not regarded as an interest in the partnership property, but rather as an intangible chose in action incidental to that property, a right to receive in money the value of the decedent's partnership interest: Blodgett v. Silberman, 277 U.S. 1, 72 LEd 749 (1928); Ellis v. Ellis, supra; Froess v. Froess, 284 Pa. 369, supra.

Thus, at the death of a partner, two transfers of property take place: (1) the deceased partner's interest in the specific partnership property passes by operation of law to the surviving partner by right of survivorship, in the nature of a trust for purposes of liquidation, and (2) the deceased partner's partnership interest, an intangible chose in action, passes by will or intestacy to his estate. Although both of these transfers take place at the death of the decedent, only the second is a taxable transfer. The transfer by operation of law to the surviving partner of decedent's interest in specific partnership property is not taxable because, as a transfer which takes effect in possession or enjoyment at or after death (72 PS §2485-223), it is a transfer for a valuable and adequate consideration in money (72 PS §2485-221, a); moreover, the transfer is only of the legal not the beneficial interest. The transfer to the estate of the deceased partner's beneficial interest in the partnership is taxable as a transfer which takes place by will or intestacy: 72 PS §2485-212; Spivak v. Bron-

stein, supra, page 77; Arbuckle Estate, 324 Pa. 501; Finkelstein Estate, 225 NYS 2d 245.

As between the surviving partner and the estate of the deceased partner, and in the absence of a partnership agreement to the contrary, the amount payable to the estate for decedent's partnership interest is determined by actual liquidation of the business assets in winding up, or the amount payable may be agreed upon between those parties thus dispensing with the necessity of liquidation. When such an amicable agreement is reached, it is regarded as a purchase by the survivor of the deceased partner's interest in the business: Appeal of Grim, 105 Pa. 375; Wisocki v. Howell, 37 D. & C. 2d 666; 29 PLE, Partnership, §210. See also Wathen v. Brown, 200 Pa. Superior Ct. 620. Until payment of the amount is made whether determined by liquidation or by agreement, decedent's interest in the partnership continues to exist as property of the estate; when payment is made, decedent's partnership interest terminates and for the first time an asset of the estate distinct from partnership assets is generated: Ellis v. Ellis, supra. Turning to the application of the inheritance tax to these legal concepts of property, it is not the partnership property which is taxable, nor the intangible right of the deceased partner's estate to receive payment for the value of his interest; it is the transfer which occurs when decedent's partnership interest is inherited at his death which is taxable, measured by the fair value of the intangible receivable as of the date of death: 72 PS §2485-102, 24. Similarly with the life insurance, it is not the money proceeds of the policy which are taxable or exempt, it is the transfer thereof to the beneficiary at the death of the deceased partner which is either taxable or exempt, and that is a transfer separate

and distinct from the two transfers which occur with respect to partnership property at the death of a partner.

The foregoing is clearly the law in the absence of an agreement to the contrary and, apart from the partnership agreement in this case, the value of decedent's interest in the partnership would be clearly subject to inheritance tax in his estate. The question now is whether these legal consequences have been altered by the partnership agreement. The statutory right of the partner, upon dissolution, to have the partnership property applied in payment of liabilities and to receive his net amount is made expressly operable "unless otherwise agreed" (59 PS §100(1)); the right to an accounting exists "in the absence of any agreement to the contrary": 59 PS §105. Compare 59 PS §104. As between the partners, the partnership agreement is the law of the partnership: O'Donnell v. McLoughlin, 386 Pa. 187.

This partnership agreement plainly states that its purpose is to fund with life insurance the mandatory purchase by the surviving partner of the partnership interest of the deceased partner from his estate; it says:

"Whereas, it is the desire of the parties hereto, and is the purpose of this agreement to create an absolute obligation on the part of the surviving partner to the estate of a deceased partner to purchase the interest of such deceased in said partnership and to provide a method, as well as determine the manner, of discharging said obligation; and Whereas, the parties mutually desire that life insurance be used as a means of providing all or a portion of the funds with which to finance the obligations arising under such sale and purchase agreement."

Accordingly, on the crucial issue of whether under

the agreement there is a transfer of Edgar's partnership interest at death to his estate, the agreement confirms that transfer; the agreement was made upon the assumption that precisely such transfer has taken place and that the purchase of the interest must be made by the surviving partner from the estate. The command of the agreement to the executrix to convey the interest to the surviving partner in consideration of payment of the insurance proceeds to the widow can be carried out only if the interest has been transferred at death to the estate. Accordingly, the status of the partnership interest of decedent under the agreement is exactly the same as without an agreement; in both cases, the interest is a transfer to the estate at death; in both cases the interest as an intangible chose in action is not extinguished until discharged by payment. See Cerceo v. DeMarco, 391 Pa. 157. The only relevant differences in legal consequence created by the agreement are that the purchase money is obtained from exempt life insurance proceeds, and the purchase money is made payable direct to the widow (who is also the sole testamentary beneficiary) instead of to or through the estate. Neither of these changes affects the transfer of the business interest to the estate. That interest is but a right to receive its value in money. That such a claim is paid off with tax exempt funds does not render the claim tax exempt; the source of purchase money does not determine the taxability of the property sold.

The payment of the insurance proceeds direct to the widow is an obscuring fact; it is not the usual way in which partnership buy-sell agreements with reciprocal life insurance policies are arranged. Normally the policies, owned as here by each partner on the life of the other, are made payable to their respective owners so that the surviving partner is the payee of the tax-

exempt proceeds: 1 Rabkin & Johnson, Current Legal Forms, Form 1.77, Comment. The surviving partner then consummates his purchase of the partnership interest of the deceased partner from the estate by paying the purchase money to the estate, thus extinguishing decedent's partnership interest by payment (Ellis v. Ellis, supra), and then the net estate is distributed by the executrix to the beneficiary under the will, in this case the widow. Although the payment of the insurance proceeds to the survivor is exempt, all would agree that the transfer of decedent's partnership interest in such case is taxable to the estate. But the latter conclusion is true, not because the estate receives the money from the sale thus generating a new asset for administration and distribution independent of the partnership property; that notion springs from the fallacious assumption that the inheritance tax is levied upon the money which is administered in the state. Instead, the tax is upon the *transfer* of the business interest to the estate, not upon the purchase money. These principles are not altered in the slightest by this agreement which bypasses the estate as payee of the purchase money and diverts it direct to the widow; the taxable transfer of decedent's business interest to the estate still remains and it is completely distinct from the transfer of the insurance money at death to the named beneficiary..

To the layman these legal concepts may seem artificial and meaningless; it is difficult to apprehend any significant difference between a tax on property and a tax on the transfer of property, when each is measured by the value of the same property. Practically speaking, the tax in either case is an exaction of a portion of that value. And to the widow recipient of life insurance who is required to pay from it a tax, whatever it may be said to be levied upon, the tax appears to be

upon the life insurance money which the law seems to say is exempt. But in fairness, the tax should be paid by the widow; her husband's partnership interest was part of his wealth (McClennan v. Commissioner, 131 F. 2d 165, 168 (C.C.A. 1) which was inherited and which should, if we have an inheritance tax at all, be taxed. And the burden of that tax must fairly fall on the widow as transferee, for she is the person who has inherited its benefit. The tax cannot equitably be imposed upon the surviving partner who has paid for the business interest by paying the cost of the life insurance policy on his partner; nor is the survivor entitled to the value of the policies on his life which are owned by the estate for the benefit of the widow and will bring to her their cash value. The only person upon whom the tax obligation can be justly imposed is the widow who receives the benefit of the inheritance. The parties should not be permitted by a technical insurance arrangement to escape the payment of inheritance tax on this valuable business asset. Moreover, the widow has had the benefit of the tax free transfer of insurance proceeds as the law prescribes. Had the policy been made payable to the estate, the insurance proceeds thus transferred would also be taxable in addition to the inheritance transfer of the business interest; accordingly, by making the policy payable to the widow, the tax on one $45,000 transfer was saved thus giving appellant the full benefit of the inheritance tax exemption of life insurance proceeds under section 303 of the Inheritance Tax Act.

In addition, the widow has derived important legal protection from this partnership contract and the general principles of law outlined above which support it, whereby Edgar's partnership interest was transferred in taxable fashion to the estate. For example, the partners might well have established this reciprocal

insurance arrangement without any specific legally binding agreement; Marlin might have purchased the same insurance on Edgar payable to Edgar's widow and then in his will have *given* his partnership interest to Edgar if Marlin died first; Edgar might have done the same. Under such an arrangement, the inheritance tax on the business interest would still be payable but the burden of payment would fall upon the survivor, in this case Marlin, rather than upon Edgar's widow who would have the life insurance proceeds and no inheritance tax to pay. But neither partner would have the assurance in legally binding form that the other partner would carry out his part of the arrangement; that can be obtained only with a legally binding agreement which, as here, protects the widow by transferring decedent's business interest to his estate, thus keeping it in control until the purchase money is actually paid. Only by utilizing such a transfer (which is taxable) can the widow be protected in such a case; that is Cerceo v. DeMarco, supra. Another hazard to the widow which such a binding contractual arrangement guards against is, insolvency of the insurer. In both such cases, if the insurance is not in force or if the insurer is insolvent, the estate has control of decedent's business interest and can compel the survivor to pay the value thereof from other funds or from liquidation. Thus, while the passage of Edgar's business interest to the estate may appear to be but a technicality, it furnishes, on the contrary, an important legal protection to the widow.

Although we have grounded our decision largely on the terms of this particular partnership agreement, it does not follow that inheritance taxation may be escaped merely by a rewording of the agreement to provide for extinguishment of decedent's partnership interest at death, together with a diversion of purchase

money from the estate to the widow in the form of exempt insurance proceeds. Public policy might forbid it. See 40 PS §517; Stoumen v. Commissioner 261 F.2d 172 (CCA 3, 1958); Pichel Estate, 406 Pa. 431; Hoffman Estate, 73 Pitts. 790; Dolbeer's Estate, 193 NE2d 174 (Ohio, 1962); Dolak v. Sullivan, 144 A.2d 312 (Conn., 1958); 1 Rabkin & Johnson, Current Legal Forms, Form 1.80, Comment. While the partnership agreement is the law of the partnership, that rule applies only as between the parties: O'Donnell v. McLoughlin, supra. We need not, however, meet that issue here because the terms of the agreement in this case clearly make the value of Edgar's partnership interest taxable.

Since no question of valuation has been raised, we need not comment on the ability of the parties to fix value in a buy-sell agreement for inheritance tax purposes. See Way Estate, 18 Fid. 137, 72 PS §2485-507.

Accordingly, we enter the following

ORDER

Now, February 2, 1971, the inheritance tax assessment is sustained and the appeal is denied.