## Meminger Estate

*Byron A. Baur*, for executor.

*William J. Kelly*, for widow.

DWYER, P. J., December 5, 1967.—The questions presented here have to do with whether the orphans' court has jurisdiction: (1) Concerning an amount of money belonging to a third person, but being held by an executor in escrow until the executor's right of contribution from said third person can be determined; (2) concerning an amount of money in decedent's estate which has already been awarded to

the third person but against whom the executor has a claim in excess of the amount so held; and (3) to determine the validity of the claim of the executor to a right of contribution from the third person.

On August 7, 1967, a petition was filed in this court by the executor of the estate of William C. Meminger, deceased. This petition was amended on September 26, 1967. The petition and its amendment indicate that decedent and Margaret H. Meminger had been husband and wife. They were divorced, and shortly thereafter decedent died. During their marriage they owned real estate as tenants by the entireties, which on the dissolution of the marriage became owned by them as tenants in common.

The executor and Margaret H. Meminger agreed to sell this real estate. The purchasers would not pay the purchase price without a guarantee from the executor that all Federal and State taxes applicable to decedent's estate would be paid. The petition alleges that on April 20, 1967, the executor, with the full acquiescence of Margaret H. Meminger and for her joint benefit, gave the purchaser a written guarantee that all Federal and State taxes applicable to decedent's estate would be paid. The petition further sets forth that because of the said guarantee and the claim by the executor that the said Margaret H. Meminger was jointly liable for income tax deficiencies arising from the joint returns for the years 1962 and 1963, filed by decedent and his then wife, it was necessary for the executor to hold in escrow the net share of the proceeds of the sale of the real estate belonging to said Margart H. Meminger until all the possible tax liabilities and rights to contribution were determined and paid. The net share of Margaret H. Meminger held in escrow by the executor is $3,209.59.

On September 1, 1967, the executor paid the income tax deficiencies for the years 1962 and 1963 out of the

assets of the estate. The amount so paid was $7,127.73. The executor claims that Margaret H. Meminger is liable for one-half of this amount, or liable to it for $3,563.86, plus interest from the date of payment.

The said petition also sets forth that the executor holds in decedent's estate the sum of $741.25, which is due to the said Margaret H. Meminger as a result of a claim filed by her against the estate of decedent.

By its petition, the executor asks this court for authority to retain and pay or set off for the benefit of the estate all of said amounts to the extent of $3,563.86, plus interest, and that this court adjudicate the executor's right of contribution from Margaret H. Meminger.

Margaret H. Meminger filed preliminary objections to said petition, in which she claims that: (a) This court has no jurisdiction with respect to the $3,209.59, which is one-half of the net proceeds of the sale of the real estate, since this amount belongs solely to Margaret H. Meminger and at no time became part of decedent's estate; (b) this court has no right to authorize said executor to hold the $741.25 now in decedent's estate, which is due Margaret H. Meminger; and (c) only the common pleas court has the jurisdiction to adjudicate the claim or rights of contribution by the executor against Margaret H. Meminger.

There is really no dispute as to the ownership of the net proceeds of $3,209.59 belonging to Margaret H. Meminger, which accrued to her and was paid to her as a result of the sale of the real estate. The executor and Margaret agree that it is the property of the latter. The executor claims that it is holding this amount in escrow awaiting a determination as to whether or not Margaret owes the executor of decedent's estate the sum of $3,563.86, plus interest, being one-half of the amount paid by the executor to the United States Internal Revenue Department because

of taxes, interest and penalties on certain joint income tax returns filed by decedent and Margaret H. Meminger during their marriage. The executor's petition implies that Margaret agreed that the executor hold said amount in escrow until any rights of contribution from Margaret are determined. There is no denial of this by Margaret, since she filed preliminary objections to the jurisdiction of this court to determine this right of contribution.

Neither party contends that this escrow amount is an asset of decedent's estate. The executor makes no reference to it in its inventory other than to note that Margaret H. Meminger received her one-half interest in the property on April 20, 1967, nor is it referred to in its account. Obviously, it is not an asset of this estate, and, therefore, this court has no jurisdiction over said amount.

"The Orphans' Court shall have exclusive jurisdiction over:

"(1) Decedents' Estates. The administration and distribution of the real and personal property of the decedents' estates . . .

"(13) Title to personal property. The adjudication of the title to personal property in the possession of the personal representative, or registered in the name of the decedent or his nominee, or alleged by the personal representative to have been in the possession of the decedent at the time of his death". 1951, August 10, P. L. 1163, Art. III, §301 (1) and (13) as amended; 20 PS §2080.301 (1) and (13).

Section 1 above quoted does not confer any jurisdiction upon this court to act, since this escrowed sum is not an asset of decedent's estate.

Section 13 likewise confers no jurisdiction on this court, since there is no dispute as to the title of the escrow account. This latter section refers to adjudicating the title to property which has come into the

possession of the executor and claimed by such executor to be an asset of decedent, either because the executor contends that it was owned by decedent at the time of the latter's death or because the title to the property should be in the executor as an asset of the estate. In the instant case we have neither of these claims by the executor, as said executor merely claims that it paid a debt and that it now has a right of contribution against decedent's former wife for one-half of that debt.

Webb Estate, 391 Pa. 584, is not apposite, since, in that case, the property in question, i.e., rents obtained by real estate agents which were collected from tenants who occupied real estate owned by the decedent at the time of his death, clearly belonged to decedent's personal representative to be administered by the latter.

If this court were to order the executor to place said escrow account in the estate as an asset, it would, in effect, be determining the validity of the executor's claim as to its right of contribution from Margaret H. Meminger.

The only asset in this estate arising out of the dispute between these parties is the claim itself. This claim is an asset and, of course, the executor is duty bound to attempt to collect this claim unless excused in this case by the sole residuary legatee, who is the only person connected with the estate who can be benefited by pursuing said claim. All creditors of the estate have been, or will be, paid out of present assets of the estate.

This court likewise has no jurisdiction to determine whether or not the executor has a right of contribution from Margaret H. Meminger because of its payment to the United States Internal Revenue Service, since any claim such as this must be asserted by the executor in the court of common pleas.

"While the orphans' court possesses extensive powers to assist decedent's personal representative to acquire control of property rightfully belonging to the estate, its jurisdiction being entirely of statutory origin, these powers may be invoked only within well defined ultimate limits, one of which is that the orphans' court cannot determine the validity of a disputed debt to an estate": Brown's Estate, 343 Pa. 230, 234.

"Since jurisdiction to determine the existence or validity of a debt allegedly due to the estate was not in the Orphans' Court the court below exceeded its jurisdiction in determining that claimant was not a debtor of the estate": Rybak Estate, 424 Pa. 470, 475.

This court, therefore, does not have the jurisdiction to determine whether decedent's estate has a right of contribution from Margaret H. Meminger.

As to whether or not the executor should continue to hold in escrow the $3,209.59 belonging to Margaret, until such right of contribution is determined, is likewise not a matter that can be determined by this court. The inference in the executor's petition is that the said Margaret H. Meminger agreed to its holding this amount until said right of contribution was determined. If this is so, then the executor would be authorized to hold this amount until the proper court can determine whether the right of contribution exists.

Concerning the executor's right to hold the $741.25, which has been previously awarded to Margaret H. Meminger under a claim presented by her against the estate, this court does have jurisdiction to determine whether or not the executor should distribute this amount at this time. This is an estate asset and, therefore, under the jurisdiction of this court. Since the executor has a claim against Margaret H. Meminger in excess of the $741.25, this court has authority to

order said executor to withhold distribution of said amount until the validity of said claim is determined in the proper court.